## WUERTZ v. LIFE & CASUALTY INS. CO. OF TENNESSEE

(January 21, 1929. Opinion and Decree.)

A. J. O'Keefe, Jr., of New Orleans, attorney for plaintiff, appellee.

Fred C. Querens, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff sues for the return of $517.80 paid to defendant through Victor G. Fox, who, according to plaintiff, was an agent of defendant for the solicitation of insurance and for the receiving of premiums therefor. The policy for

which the amount mentioned was paid was never issued. Defendant refuses to return the money, claiming that Fox was not its agent and had neither actual nor apparent authority to receive payments for it.

Defendant strenuously urges us to exclude the testimony of plaintiff's wife, arguing that a wife is not a competent witness for or against her husband nor for or against the community. Many cases are cited, but we note that all to which our attention is directed were decided before the passage of Act 157 of 1916. Since that Act was passed there can be no doubt that the wife is a competent witness for or against her husband or for or against the community.

That Fox originally was fully authorized to receive payments for defendant is conclusively shown by the fact that he was given printed application forms to which were attached printed forms of receipt. The receipt for the first payment was on one of these and was signed by Fox as agent for the Company.

Since the defendant put into Fox's hands its printed receipts it cannot now be heard to say that Fox had no authority to issue those receipts. As between the Company and Fox, he may be liable to the Company for exceeding its actual authority but as between the Company and plaintiff the fact that it put into Fox's hands documents which gave him apparent authority to receive payments for the Company is sufficient to render it liable for the return of such sums as were wrongfully collected.

As to the two amounts paid in August, 1923, there can be no doubt as to the Company's liability. It is argued, however, that as the last payment was made in May, 1924, about nine months after the policy was applied for, and, as no policy had issued, plaintiff should have made inquiry as to the authority of Fox to receive this last payment as agent for the Company.

Had the last payment been for a new policy or on a new transaction probably such dealings, so far as the Company was concerned, would have been at plaintiff's risk, but, as we view the evidence, this last payment constitutes merely the completion of a deal which Fox had authority to commence, and, therefore, in the absence of knowledge in plaintiff to the contrary, to complete.

It is claimed that a letter was mailed to plaintiff notifying him that Fox was not authorized to collect for the Company. Plaintiff denies receiving this letter and defendant's proof in this regard is not convincing.

The Company contends that, as the application for the insurance was executed by the wife, and as the husband did not establish that he had authorized the wife to execute the application and to make the payments with his funds, he should not be allowed to maintain this action. Such a defense is not available to the Company which made no protest when the application reached it, but on the contrary by letter acknowledged receiving it and thanked the applicant for it. On the whole we believe that whether or not the Company actually received the premiums is of no importance now. The premiums were paid to one· apparently having authority to receive them, and as we have stated, it was the action of the Company which gave him this apparent authority.

It is therefore ordered that the judgment appealed from be affirmed at the cost of appellant.