GULOTTA, Judge.
This is an appeal from dismissal of plaintiff’s action[1] for return of unearned premiums of insurance paid to defendant’s agent, James J. Curro, Inc.
George and Hazel Weeks conducted an interstate truckline business (George Weeks Truck Service, Inc). From August, 1962 through January, 1964, the trucking company obtained cargo, liability, workmen’s compensation and other insurance through Curro, Inc., an authorized insurance agent for Travelers Insurance Company. Curro’s relationship as an agent for Travelers terminated on February 1, 1964. Thereafter, plaintiff’s husband and plaintiff sought reimbursement of unearned premiums from the insurer.
According to plaintiff, these credits accumulated from overpayments to Curro and from the cancellation of insurance on equipment, trucks and employees resulting from the reduction and ultimate termina *459 tion of the trucking business. It is plaintiff’s contention that $38,778.71 was paid to Curro for policies issued by Travelers and that the earned premiums totaled $19,680.-71. According to plaintiff, after credits are allowed totaling an additional $787.47,[2] the estate is entitled to a return of $18,310.53. Plaintiff seeks judgment in this amount.
Plaintiff contends, among other things, the trial judge erred in not holding Travelers accountable for the failure of its agent to reimburse the policyholder the amount of return premiums due it. She argues that Curro, Inc., was the duly authorized agent of Travelers with authority to issue policies and collect premiums. Any overpay-ments or errors committed by the agent, according to plaintiff, becomes the responsibility of the principal, Travelers. Therefore, she claims, overpayments made to Curro must be reimbursed by defendant. Plaintiff relies on LSA-R.S. 22:1161 and LSA-R.S. 22:1170; Wuertz v. Life & Casualty Ins. Co., 10 La.App. 70, 120 So. 72 (La.App. Orleans 1929); Urania Lumber Co. v. Insurance Co. of North America, 177 So.2d 640 (La.App. 3rd Cir. 1965).
Defendant, on the other hand, contends that the amount of premiums earned on Weeks insurance policies totaled $19,680.71. It points out that $17,300.56 was paid in premiums leaving a balance owed by Weeks to Travelers in the sum of $2,380.-15. No claim, however, for this amount is being made by Travelers.
The trial judge, in written reasons, concluded plaintiff failed to substantiate her claim by a preponderance of the evidence. We agree. Accordingly, we affirm.
While we have no quarrel with the law relied on by plaintiff that any overpay-ments or errors made by Curro, as agent, are the responsibility of Travelers, nevertheless, plaintiff offered evidence of little, if any, probative value to support her claim. The proof consisted primarily of (1) Curro invoices addressed to Weeks Truck Service commencing August 25, 1962 and running through April 25, 1964 which plaintiff claims show cash payment and credit refund totaling the amount paid by Weeks; (2) canceled checks showing payment to Curro; and (3) a copy of a contract between Curro and Travelers in which Curro as agent for Travelers was authorized to issue policies and to collect premiums.
It is conceded by defendant that Curro, as agent, had the authority claimed by plaintiff. However, plaintiff’s evidence was lacking in proof of payment in the amount claimed or that the claimed premiums paid were for policies issued by Travelers and no other insurer. , The checks offered in evidence by Mrs. Weeks are four in number. These checks, together with a cash payment testified to by the plaintiff, total $6,812.71.[3] The Curro invoices show credits to Weeks (on policies which plaintiff claims Travelers issued) as of March 25, 1964 in the corrected sum of $6,309.86 and as of April 25, 1964 in the sum of $7,399.54. These total much less than the $38,778.71 claimed by plaintiff. These credit entries include the payments repre *460 sented by the four checks offered in evidence.
The proof offered by plaintiff is unclear, confused and vague. The Curro invoices were not identified nor explained by anyone from Curro. Mrs. Weeks admitted in her testimony that she did not fully understand nor could she explain the entries or the invoices. It is significant that the invoices, prepared by Curro, used a code to indicate that a policy was issued by a particular insurer. It is also significant that Curro represented insurers other than Travelers. While Mrs. Weeks tried to explain that the code [4] on the invoices reflected that policies were issued only by Travelers, nevertheless, the invoices made reference to policies issued for another trucking line (Freezer Lines) in which plaintiff had an interest. Furthermore, assuming the code used in the invoice is properly interpreted by Mrs. Weeks, the invoice shows that another company issued policies to Weeks.[5]
Suffice it to say that Mrs. Weeks’ explanation of the entries on the invoices was, to say the least, inconclusive. The best evidence of the meaning of the Curro invoices would have been from a representative of the agency, or an accountant or auditor, qualified to explain the entries. Plaintiff failed to produce this evidence.
Contrasted to plaintiff’s offer is the testimony of the New Orleans Accounting and Field Audit Department Manager of Travelers. His clear and concise testimony is that earned premiums for Weeks’ policies totaled $19,680.71 and that $17,300.56 was paid in premiums.
It is clear that plaintiff is disadvantaged by an attempt by her to explain entries on an account prepared by Curro. We conclude plaintiff failed to show payment of premiums in the amount claimed or that payments claimed were solely for coverage by Travelers Insurance Company.
Accordingly, we affirm.
Affirmed.

. A claim was originally made by George Weeks, the husband of the petitioner. After his death, Mrs. Weeks continued to assert dle claim and bring this suit in her capacity as testamentary executrix of the estate of her husband.

. This amount is made up of $20.00 in bond premiums and an additional premium in the sum of $767.47 with a different insurance company.

. Those checks are to :
A. Automobile Finance Co., Inc., dated September 10, 1962 in the sum of $2,283.33
B. James J. Curro Insurance dated March 21, 1963 in the sum of 1,505.35
C. James J. Curro Insurance dated February 11, 1963 in the sum of 1,505.35
D. James J. Curro Insurance dated July 20, 1962 in the sum of 279.68
E. Cash payment in the sum of 1,239.00
TOTAL $6,812.71

. She testified No. “92” was the code number for Travelers policies.

. One invoice used a number, “100”, which would have been the code designation of another company, if we adopt plaintiff’s explanation.