177 So.2d 640 (1965)
URANIA LUMBER COMPANY, Ltd., Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.
No. 1485.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1965.
*641 Lemle & Kelleher, by Carl J. Schumacher, Jr., New Orleans, Martin S. Sanders, Jr., Winnfield, for defendant-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by Charles W. Lane, III, New Orleans, for plaintiff-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
This is a suit by a policyholder ("Urania") against its fire insurer ("North America") to recover for a fire loss. North America appeals from adverse judgment. Urania answers the appeal to request statutory penalties.
North America's policy as issued to Urania contained a "distribution clause." It is stipulated that, applying this distribution clause, North America was liable for (using round figures) forty-nine thousand dollars of the fire loss. However, the plaintiff Urania contends that this distribution clause limiting liability was included in the formal insurance contract through error. If this clause is deleted as not forming part of the intended contract between the parties, then North America is liable for an additional twelve thousand dollars.
North America has paid the forty-nine thousand dollars for which it was admittedly liable. North America now appeals from the trial court holding that the formal policy should be reformed so as to delete the distribution clause, in order to accord with the actual intention of the parties; so that therefore North America is liable for the additional twelve thousand dollars claimed by the plaintiff Urania.
The issue of the appeal is whether because of mutual error the North America policy should be reformed to afford Urania the more favorable coverage. The defendant-appellant contends that there was no mutual error regarding the intended coverage such as to justify reforming the insurance policy.
The essential facts are not in dispute.
Prior to securing the fire-insurance policy from North America, Urania had been covered by a specialty lumberyard insurance coverage issued by "Indiana," another insurer. When Indiana's policy was about *642 to expire, Urania decided to secure the same coverage, but from a local insurance agent, Zeagler, instead of from Indiana. Zeagler was the representative of North America in the locality.
Urania's office manager accordingly contacted Zeagler, gave him the Indiana policy, and requested that Zeagler obtain the same coverage as afforded by the Indiana policy in the amount of $75,000.00. The Indiana policy did not contain a distribution clause.
Zeagler forwarded the Indiana policy to North America's New Orleans office with the request that the same coverage be afforded Urania as under the Indiana policy. North America's executive in New Orleans attempted to secure approval for insurance of the same coverage as afforded by the Indiana policy, but he was unable to do so. Accordingly, he secured issuance of a standard policy (which, unlike the Indiana policy, did contain a distribution clause); and he then forwarded this policy to Zeagler with the notation that "after much searching I have been able to complete the attached policy. You will note this policy does not contain the special forms that appeared on the daily [the Indiana policy] you sent me. * * *" P-5, Tr-31.
Zeagler countersigned the policy as North America's agent and then mailed it to Urania without cover letter. He did not call to Urania's attention that the coverage actually afforded by the new North America policy differed substantially from the coverage requested, since North America's policy contained a distribution clause. As a matter of fact, the local agent did not realize that the coverage so afforded differed in this material respect from the coverage requested. Tr-92, 103.
The evidence further indicates that inclusion of a "distribution clause"[1] was a major change in coverage from that afforded by the Indiana policy, in fact being the only major difference in the coverages afforded respectively by the former Indiana and the new North America policy. The distribution clause was contained within the body of the several printed pages of the insurance contract.
Upon receiving the North America policy, Urania's office manager simply filed it away without reading it. Urania was not aware that the North America policy provided a less favorable coverage until after the fire loss, when the discrepancy came to its attention.
In summary, therefore, Urania had requested coverage of a certain nature from North America's local agent, but North America's local agent had secured for Urania a policy which contained less favorable coverage without calling this discrepancy to the attention of the policyholder.
Under these circumstances, the trial court correctly held that the policy should be reformed so as to afford the policyholder the more favorable coverage requested by this insured from the local agent, but not contained in the policy actually issued to it, whether the reformation be grounded on mutual error on the part of the agent and the policyholder or instead upon the mistaken or fraudulent conduct or silence of the insurance agent which contributed to the policyholder's erroneous belief that the intended coverage had been included within the policy issued. Geo. D. Geddes Undertaking & E. Co. v. Home Acc. Ins. Co., 172 La. 598, 134 So. 905; Brodie v. Atlas Assur. Co., 158 La. 695, 104 So. 620. An insurer is bound by its agent's knowledge of the true intention of the policyholder as to the coverage intended by the latter to be secured through the issuance of the insurance policy, and the policy will be equitably reformed to afford *643 the intended coverage where the policy as issued does not contain it. Richard v. United States F. & G. Co., 247 La. 943, 175 So.2d 277, 287, and cases therein cited; Maryland Casualty Co. v. Kramel, La.App. 2 Cir., 80 So.2d 897; 13 Appleman, Insurance Law and Practice, Sec. 7653, p. 430 (1943 Ed.); 44 C.J.S. Insurance § 279, p. 1109.
In an effort to evade application of this well settled jurisprudence, North America's counsel contends that at most there was unilateral error on the part of Urania as to the coverage secured. It is suggested that the unilateral error by itself would not (in the absence of fraud) justify reformation of the insurance policy. See Gaudet v. North River Ins. Co., 156 La. 719, 101 So. 118 and Topps v. North British & Mercantile Ins. Co., La.App. 2 Cir., 148 So. 470. Counsel argues that since North America's executive in New Orleans truly intended to issue the policy with the more restricted coverage, thus there was no mutual error such as would justify reformation of the contract so as to reflect a mutually intended coverage different from that set forth by the policy.
This argument, however, overlooks that, despite the intention of the North America New Orleans office to issue the more restricted coverage, nevertheless North America's local agent, in countersigning and delivering the policy, did not realize that the coverage issued differed materially from that requested by Urania and hence did not call this discrepancy to the attention of Urania at the time the policy was issued to it (which would have permitted Urania either to accept the policy although it did not conform with the requested coverage, or else to reject the policy and to secure the desired coverage from another insurer). The local agent's erroneous assumption that the coverage issued was the same as that requested by Urania was thus mutual with the erroneous assumption by Urania that, in the absence of notification to the contrary, the policy issued to it contained the requested coverage.
North America is charged with the knowledge of its local agent that special coverage was requested, as well as with his error in assuming that the coverage contained in North America's policy was the same as that requested and his consequent failure to call to the attention of Urania that the policy as issued did not contain the intended full coverage. The knowledge, conduct, inaction, or error of an insurer's local agent is considered to be that of the insurer for which he acts as agent in the matter. Skipper v. Federal Insurance Co. 238 La. 779, 116 So.2d 520; Mathews v. Marquette Cas. Co., La. App. 2 Cir., 152 So.2d 577, certiorari denied; Maryland Casualty Co. v. Kramel, La.App. 2 Cir., 80 So.2d 897; Monroe Air Park v. American Aviation and General Insurance Co., La.App. 2 Cir., 41 So.2d 795; 16 Appleman, Insurance Law & Practice, Section 8721, p. 141 (1944 Ed.); 3 Couch on Insurance 2d, Sections 26.53, 26.54, 26.61 and 4 Couch on Insurance 2d, Section 26.80; 44 C.J.S. Insurance § 139, p. 798.
We therefore find no merit to North America's suggestion that it should not be bound by the mutual error of its local agent in issuing North America's policy upon the mistaken assumption that the policy as issued afforded the policyholder the requested coverage. As previously noted, by reason of this mutual error the plaintiff policyholder is entitled to recover on the basis of the policy as equitably reformed to comply with the intended contract of the parties. We affirm the trial court judgment based upon its holding to this effect.
The plaintiff-appellee Urania has answered to the appeal to pray additionally for statutory penalties for the arbitrary failure to pay policy benefits within sixty days of demand. LSA-R.S. 22:658.
As to the forty-nine thousand dollars for which North America admitted *644 coverage, North America never denied liability for such amount; after the first formal demand for payment. (October 16, 1961) the insurer paid such amount within sixty days (on December 4). As to the twelve thousand dollars for which it denied liability and for which we now hold it liable, in our opinion the insurer's refusal to pay same was not arbitrary; we affirm the trial court's disallowance of statutory penalties as to this amount upon its holding that the insurer's defense as to it was based upon a serious and bona fide dispute. See McGuire v. State Farm Fire & Cas. Co., La.App. 3 Cir., 175 So.2d 838, and cases therein cited.
For the foregoing reasons the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] Basically, the distribution clause provided that the policy amount shall attach to the separate items insured in the proportion the value the separate item bears to the aggregate value of all the property insured. The effect of the distribution clause here was to lower the percentage of payment of the loss.