285 So.2d 829 (1973)
Andrew M. HERBERT et al.
v.
Allen J. BREAUX et al.
No. 9557.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
*830 William N. Faller, Baton Rouge, for appellants.
Fred H. Belcher, Jr., Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge.
This is a suit for damages arising out of an accident between a 1967 Mustang owned and operated by Andrew Michael Hebert and a truck owned and operated by Allen J. Breaux, an uninsured motorist. Plaintiffs are Andrew Michael Hebert, hereinafter referred to as Michael, and Sharon Hebert, his wife, who was a guest passenger in the car. Defendants are Mr. Breaux, Old Reliable Fire Insurance Company, alleged to be plaintiffs' uninsured motorist insurer, and International Underwriters Agency, which issued the Old Reliable Policy.
No service was made on Breaux or International, and the case was tried on its merits as to Old Reliable, which denied coverage under its policy. Mr. Breaux's negligence is conceded by Old Reliable, and is not at issue herein. Judgment was rendered in favor of plaintiffs for $5,000.-00 each, the policy limits, and Old Reliable has appealed, contesting both the liability issue and the propriety of the award to Michael.
The only policy in existence on May 12, 1972, the time of the accident, was Old Reliable's policy No. LA 1433, which showed Andrew A. Hebert, Michael's father, hereinafter referred to as Mr. Hebert, as the named insured, and a 1963 Ford as the insured automobile. The policy provides that uninsured motorist coverage for bodily injury is provided for the named insured and "while resident of the same household, the spouse of any such named insured and relative of either." The policy further provides coverage to any person while occupying the insured automobile.
There is clearly no coverage provided to plaintiffs by the policy as written, since they are not named insureds, were not residents of Mr. Hebert's household at the time of the accident, and were not occupying the insured vehicle. Plaintiffs contend that the policy does not reflect the intention of the parties thereto, and should be reformed so as to afford them coverage.
Louisiana has adopted the rule that a written insurance contract can be reformed to conform to the original intention of the parties thereto, whether for mutual error or for the negligent, mistaken or fraudulent conduct of the agent who issues the policy. If the agent knows of the true intention of the policyholder as to the coverage desired, the insurance company is bound by the agent's knowledge, and the policy erroneously issued will be reformed so as to conform to the original intention. Maggio v. State Farm Mutual Automobile *831 Ins. Co., 123 So.2d 901 (La.App. 1 Cir. 1960); Richard v. United States Fidelity & Guaranty Co., 247 La. 943, 175 So.2d 277 (1965); Urania Lumber Co. v. Insurance Co. of North America, 177 So.2d 640 (La.App. 3 Cir. 1965).
The facts of the case are essentially as follows: In September, 1971, and thereafter, Mr. Hebert was the owner of a 1970 Torino automobile. Michael was then 19 years old and was married to Sharon. On September 22, 1971, Mr. Hebert wrote a check to International for $340.00 for the premium on the policy for the coming year. A policy with Manchester Insurance and Indemnity Company was issued, with Mr. Hebert as the named insured and the 1970 Torino as the insured automobile.
In October, 1971, Mr. Hebert donated a 1963 Ford to Michael, which was placed in Michael's name. Mr. Hebert testified that he called International and "had the insurance switched to Mike on the '63 Ford." He further stated that he told International that Michael was married, and that the car had been donated to Michael. On October 20, 1971, Manchester's endorsement, changing the insured vehicle to the 1963 Ford but leaving the named insured unchanged was issued.
Some time thereafter, but prior to November 12, 1971, Mr. Hebert received a notice of cancellation of the Manchester policy for non-payment of the premium. We do not know the effective date of the cancellation. He called International and demanded a refund, but was told not to worry and that he would be sent another policy. He was then sent the Old Reliable policy which is the subject of this litigation. It has an effective date of December 16, 1971, and is stated to be a replacement policy for the Manchester policy. Mr. Hebert testified that he received the Old Reliable policy prior to November 12, 1971.
On November 12, 1971, the 1963 Ford was traded on the 1967 Mustang, which was involved in the accident. Title to the latter car was registered in Michael's name. Mr. Hebert testified that before delivery was taken on the Mustang, he called International, gave them the Mustang's motor number, and asked that it be made the insured vehicle. This was not done by International, nor was the named insured in the policy ever changed from Mr. Hebert's name to Michael's.
Mr. Hebert testified extensively about why he bought the insurance and what coverage he wanted. At one point, on cross examination, he said:
"I bought the policy to cover my son, because he was under twenty-five years old, and if he done had an accident I would have been responsible for it."
We further note that the risk was rated "2A" throughout the life of the policy, indicating that a male driver under the age of 25 was covered thereby. Mr. Hebert had no other children or relatives of himself or his spouse residing in his household.
In its defense, Old Reliable offered the testimony of Amanda LeDoux, who was one of four underwriters working for International. She had no independent recollection of any of the calls made by Mr. Hebert, although he named her as the person he talked to. She also testified as to the routine followed in taking care of calls such as those made by Mr. Hebert, but had no personal knowledge as to any aspect of this case.
We think it reasonable to conclude, as did the trial judge, that Mr. Hebert's primary concern was to have coverage for his son, so as to relieve himself of the financial responsibility which he erroneously thought he bore, and that he fully advised International of his desire, as well as of all the various transactions detailed above.
We therefore hold that Old Reliable is bound by the knowledge of its agent as to the true intention of the parties to the policy, and that the policy should have *832 been issued for the protection of Andrew Michael Hebert, with the 1967 Mustang as the insured vehicle. We hold that the said policy must be reformed so as to conform to the intention of the parties, and so as to afford coverage to the plaintiffs herein.
Defendant claims that the $5,000.00 award made to Michael for his injuries is so excessive as to constitute an abuse of the discretion of the trial judge. In the accident, Michael suffered a broken nose, a possible mild concussion, a bruised chest, small lacerations of his nose and eyelid requiring five stitches, and minor lacerations of his knees. The broken nose was characterized by his doctor as a displaced fracture, which changed the appearance of his nose. The radiologist characterized it as a severely comminuted, depressed nasal fracture. The record shows that a rhinoplasty would be necessary to correct the deformity, and that Michael declined surgery at the time of his examination. After the accident, Michael was kept in the hospital overnight, as an outpatient, for observation, and missed two weeks work thereafter. There are no residual effects or disabilities resulting from the accident other than the deformity, which can be corrected by an operation, requiring two days in the hospital and one week of disability.
Considering the foregoing, we are of the opinion that an award of $5,000.00 is so excessive as to constitute a breach of the great discretion afforded the trial judge. We think an award of $2,000.00 in general damages, plus the $928.00 in special damages stipulated to, is justified by the record.
The judgment appealed from is therefore amended so as to reduce the amount of the award to Andrew Michael Hebert to $2,928.00, and, as amended, the judgment is affirmed. All costs are to be paid by Old Reliable.
Amended and affirmed.