366 So.2d 1017 (1978)
Michael F. BILLIOT
v.
SENTRY INSURANCE.
No. 12331.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Writ Refused February 16, 1979.
*1018 Stanley L. Perry, Galliano, for petitioner and appellant.
Edward L. Levert, Jr., of Young, McMahon & Levert, New Orleans, for defendant and appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting his claim for medical benefits allegedly due under an automobile policy issued by defendant (Appellee) on Appellant's vehicle. The trial judge dismissed Appellant's demand upon finding no such policy coverage. We reverse and render judgment in favor of Appellant reforming the policy to include medical payment coverage.
The sole issue presented is whether Appellee is liable for having failed to provide requested medical payment coverage in the policy issued to Appellant.
There is no dispute as to the salient facts. There is dispute, however, concerning the inference, assumptions and conclusions to be drawn from certain admitted circumstances. In March, 1976, Appellant applied to the A. J. LeBlanc Agency, Cutoff, Louisiana, for non-owner automobile liability coverage. Because of Appellant's unfavorable driving record, the LeBlanc Agency, an agent of State Farm Mutual Automobile Liability Insurance Company, could not place the desired insurance with State Farm. Since Appellant qualified for Louisiana's "assigned risk program" (pursuant to which poor risk applicants for automobile liability coverage are submitted to a state agency which mandatorily assigns the coverage to a specific insurer qualified to do business within the state), the LeBlanc Agency sent Appellant's application to assigned risk. The request was assigned to Appellee who issued Appellant a non-owner's policy for the period April 1, 1976, to April 1, 1977, for a premium of $114.00. This policy did not provide medical payments coverage because no such coverage was requested.
*1019 In June, 1976, Appellant purchased an automobile and immediately contacted the LeBlanc Agency requesting a change from a non-owner's policy to an owner's policy on his newly acquired vehicle. It is conceded that Appellant paid an additional premium of $177.00 for the owner's policy protection extended for the unexpired portion of the policy period.
It is stipulated, inter alia, that Appellant received personal injuries in a one car accident which occurred on October 2, 1976, and which injuries resulted in medical expenses in excess of the $5,000.00 medical payments coverage allegedly requested by Appellant. The application submitted by the LeBlanc Agency for the owner's coverage desired by Appellant requests the following changes in the non-owner policy then in effect:
"Please change to owned policy AB-5/10-C-5,000 UM5/10-Wife Elaine is now driving Date of Birth 4/10/56 Soc Sec XXX-XX-XXXX Lic. # 4377782 Please add her to policy"
Appellant maintains that the LeBlanc Agency accepted and forwarded Appellee a premium for the medical payments coverage requested and that LeBlanc represented to Appellant that the policy issued by Appellee provided such coverage. Appellant contends the trial court erred: (1) In failing to find that Appellant requested medical payments coverage; and (2) In failing to find that LeBlanc neglected to request such coverage and that since LeBlanc is the agent of Appellee, Appellee is liable for LeBlanc's negligence.
The policy issued by Appellee pursuant to the above mentioned request for policy change affords automobile bodily injury coverage in limits of $5,000-$10,000; property damage liability coverage in the sum of $5,000; uninsured motorist coverage in limits of $5,000-$10,000; and, coverage for physical damage to the insured vehicle, a 1969 Plymouth, as requested. It does not include coverage for medical payments.
A. J. LeBlanc was the only witness who testified at trial. He explained that normally he represented only State Farm and that he sent Appellant's application for insurance to assigned risk only because State Farm would not write the business due to Appellant's driving record. He noted that State Farm and most other companies use the symbols AB to represent bodily injury liability coverage and property damage liability coverage and the symbol C to represent medical payments coverage. He acknowledged, however, that all companies do not follow this system. LeBlanc also noted that he never offers owner policies to a prospective policyholder without including medical payments coverage and that when he prepared the application for Appellant's desired owner coverage, it was intended to include a request for medical payments coverage. He admitted, however, that in preparing the application his secretary, to whom the matter was referred, mistakenly failed to include a "slash five" after the symbols "AB-5/10," which would have indicated a request for $5,000 property damage liability coverage. According to LeBlanc, the application as submitted to Appellee requested $5,000 medical payments coverage indicated by the "C5,000" and erroneously failed to request $5,000 property damage liability coverage. LeBlanc further explained that Appellee's employee who processed the application evidently interpreted the request for "C-5,000" to indicate a request for property damage liability coverage and wrote the coverage accordingly.
The trial judge rejected LeBlanc's testimony on the ground that it varied the policy coverage in violation of LSA-R.S. 22:628 which provides:
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. . .."
LeBlanc's testimony does not fall within the ambit of the above mentioned statute. It was not offered to prove an agreement in conflict with or modifying or extending *1020 coverage of a policy. It was offered, rather, to show that the policy issued did not conform to the desires of the policyholder as indicated by the application submitted for the insurance.
From the record, we are convinced that the application in question was ambiguous. This is necessarily so because LeBlanc deemed the symbol "C-5,000" a request for medical payments and Appellee considered it a request for property damage liability coverage. It is significant in this regard that the policy in question contains no AB symbol but does contain a "Coverage C Bodily Injury Liability," but not property damage liability which is designated Coverage D in Appellee's policy.
Our jurisprudence recognizes that in certain instances of mistake, error or negligence on the part of an agent or employee of an insurer, a policy erroneously issued will be reformed to conform with and reflect the original intent of the parties. Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973); Urania Lumber Company v. Insurance Co. of North America, 177 So.2d 640 (La.App. 3rd Cir. 1965); Maggio v. State Farm Mutual Automobile Ins. Co., 123 So.2d 901 (La.App. 1st Cir. 1960); Maryland Casualty Company v. Kramel, 80 So.2d 897 (La.App. 2d Cir. 1955).
We pretermit consideration of an agency relationship between Appellee and the LeBlanc agency because we find independent negligence on the part of Appellee. Under the circumstances of this case, Appellee, confronted with an ambiguous application containing symbols representing coverage requests, which symbols differed from its own, should have made inquiry of the forwarding agency as to the precise coverage desired. Appellee should have known that bodily injury liability was requested by the request for AB 5/10; therefore, the request for "C-5,000" did not refer to bodily injury liability coverage but to some other coverage. In other words, Appellee concluded that the request for C coverage was a request for its D coverage. In this Appellee was mistaken. Having opted to unilaterally resolve the ambiguity, Appellee must bear the responsibility for its error.
The judgment of the trial court is reversed and judgment rendered herein in favor of Appellant against Appellee in the sum of $5,000.00 with legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.
Reversed and rendered.