407 So.2d 1355 (1981)
Charles E. DOWDEN, Plaintiff-Appellant,
v.
COMMONWEALTH LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 8501.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*1356 Brittain & Williams, Joe Payne Williams, Natchitoches, for plaintiff-appellant.
S. Michael Henry, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
This is an action by Charles E. Dowden, plaintiff-appellant, against Commonwealth Life Insurance Company, defendant-appellee, for benefits allegedly due under policies of cancer insurance issued by defendant, Commonwealth. The trial judge awarded benefits, penalties, and attorney fees under a 1974 policy (No. XXXXXXXXX) issued by defendant, but denied benefits, penalties and attorney fees under a second policy issued by defendant in 1978 (No. 3555919). From the judgment of the trial court denying benefits, penalties and attorney fees under this second policy, the plaintiff has appealed.
The issue presented on appeal is an extremely narrow one. Can the actions and representations of an insurance agent circumvent *1357 the clear and unambiguous language contained in a policy of insurance's "other policy" clause, where that agent's representations are clearly contrary to the provisions contained therein?
The facts surrounding this action are completely undisputed. On April 22, 1974, defendant, through its agent, Earl Evans, issued a policy of cancer insurance covering plaintiff and his family. This policy was kept in force and the premiums paid by plaintiff's mother-in-law, Estelle Kile.
In the fall of 1978, Mrs. Kile was approached by defendant's agent, Earl Evans, who inquired as to whether or not she wished to increase her insurance coverage under the cancer policies that she maintained for her daughter's family. Mr. Evans advised Mrs. Kile that she could obtain full coverage for the plaintiff's family for hospital expenses incurred as a result of treatment for cancer. Mrs. Kile informed Mr. Evans of her desire to increase such coverage, and on November 6, 1978, a new policy of cancer insurance was issued. This policy was added to a premium receipt record which was supplied to Mrs. Kile reflecting an additional monthly premium of $3.36.
Upon issuance of the second policy, Mrs. Kile continually inquired of Mr. Evans as to whether or not she should have two policies in effect covering the plaintiff's family, or if the second policy should be returned and one policy issued providing full coverage. Each time Mrs. Kile so inquired, Mr. Evans advised her that she had nothing to worry about, that the company was providing her with full coverage and everything was correct.
In the latter part of 1979 plaintiff's wife learned that she had contracted cancer. At this time Mrs. Kile again inquired of Mr. Evans as to whether or not the medical expenses of her daughter would be covered. Mr. Evans advised her not to worry about the claims because they were fully covered.
Plaintiff's wife incurred hospital expenses in two separate hospitalizations, one from November 3, 1979, until November 6, 1979, and the second from November 25, 1979, through December 3, 1979.
The trial court found that there was no dispute as to the fact that plaintiff's wife was hospitalized, treated for cancer, and incurred certain expenses covered by the policies involved. The trial court, however, refused to award benefits under both policies, relying upon the "other policy" clause contained in the second cancer policy.
The "other policy" provision found in the second policy issued by the insurer insuring plaintiff's wife reads as follows:
"If any Covered Person is also insured under one or more other policies issued by the Company whose benefits are also limited to the reimbursement of expenses incurred for hospitalization or treatment for cancer, the Company's liability under all such policies shall be limited to the benefits provided by one such policy as may be elected by the Owner and to the refund of that portion of the premiums on the other policy or policies as may be applicable to such person for the period or periods such other policy or policies were in force concurrently with the policy under which benefits are payable."
Although the language used in this clause appears to be clear and unambiguous allowing coverage under one policy alone, we find that the actions and misrepresentations of defendant's agent circumvent its application.
Our courts have recognized that in certain instances of mistake, error, negligence or fraud on the part of an agent or employee of an insurer, a contract of insurance can be reformed to conform to the original intention of the parties thereto. If an agent has knowledge of the true intentions of the policyholder as to the coverage sought, the insurer is bound by its agent's knowledge, and the policy thus issued will be reformed to the insured's original intention. Fontenot v. American Fidelity Fire Insurance Company, 386 So.2d 165 (La.App. *1358 3rd Cir. 1980); Billiot v. Sentry Insurance, 366 So.2d 1017 (La.App. 1st Cir. 1978), writ denied 368 So.2d 125 (La.1979); Anderson v. Sciambra, 310 So.2d 128 (La.App. 4th Cir. 1975), writ denied 313 So.2d 835 (La.1975); Hebert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973).
Considering the actions and misrepresentations by defendant's agent, the record overwhelmingly supports plaintiff's contention that coverage should be allowed under the second cancer insurance policy. Defendant's agent approached Mrs. Kile and offered to extend coverage on her daughter's family. On several occasions Mrs. Kile inquired about the propriety of maintaining two policies rather than one providing the same coverage. Time and time again Mr. Evans informed Mrs. Kile not to worry, everything was all right, that her daughter's family was completely covered. In fact, Mr. Evans verified complete coverage after it was learned that plaintiff's wife had contracted cancer. Accordingly, benefits under the second policy of cancer insurance (No. 3555913) are due.
As aforementioned, an insurer is bound by its agent's knowledge of the original intention of the insured when that intention differs from the actual coverage provided by the policy. In the case before us, defendant's agent not only knew that Mrs. Kile intended to fully insure plaintiff's family against medical costs arising out of cancer treatment, he initially made the suggestion. In addition to setting the wheels in motion, he continued to mislead Mrs. Kile, whether intentionally or not, into believing that the sum total of both policies provided complete coverage for plaintiff's family. In light of defendant's constructive knowledge of the misrepresentations of its agent, we find that the defendant acted without just and reasonable grounds in relying on its "other policy" proviso and in refusing to forward benefits under the second policy. Therefore, we find that in addition to the right to receive benefits due under the second policy, plaintiff is also entitled to a penalty equal to 100% of the benefits due, plus attorney fees. LSA-R.S. 22:657.[1]
The amount of attorney fees rests largely within the discretion of the trier of fact. Factors to consider include the amount involved, the skill of the attorney, and the amount of work necessarily undertaken by the attorney. Ray v. Superior Iron Works and Supply Company, Inc., 284 So.2d 140 (La.App. 3rd Cir. 1973); Baque v. Pan American Life Insurance Company, 313 So.2d 293 (La.App. 3rd Cir. 1975). While such factors may be considered by the trial court when fixing attorney fees, nevertheless, they do not limit the exercise of the judge's discretion. When attorney fees are awarded as a result of arbitrary nonpayment of insurance benefits, such an award is deemed to be a penalty and the value of the attorney fees need not be proven. Fontenot v. Town of Kinder, 377 So.3d 554 (La.App. 3rd Cir. 1979); Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3rd Cir. 1973). We have thoroughly reviewed the record before us in view of the factors mentioned above, and conclude *1359 that an additional award of $2,000.00 for attorney fees is appropriate.
For the above and foregoing reasons the judgment of the trial court is reversed insofar as it denied coverage under policy number 3555919, and it is hereby Ordered that there be judgment in favor of plaintiff and against defendant in the amount of $1,447.00 plus a $1,447.00 penalty and $2,000.00 attorney's fee, together with legal interest thereon from date of judicial demand until paid. In all other respects the trial court's judgment is affirmed. All costs in the trial court and on appeal are taxed against defendant-appellee, Commonwealth Life Insurance Company.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] LSA-R.S. 22:657 provides:

"A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases."