STOKER, Judge.
The amount of the attorney’s fees awarded plaintiff-appellant is the sole issue in this appeal. The merits of the case are not involved. The trial court awarded $307.27 in attorney fees and costs in addition to plaintiff’s basic recovery of $1,110.80. Plaintiff’s counsel itemized his time in services rendered through trial for a total of 31.6 hours and contends that reasonable compensation for his services should be based on $50.00 per hour.
Glen C. Jones, plaintiff-appellant, purchased a newly constructed home from Lee Dautreuil Real Estate and Construction, Inc. and Lee Dautreuil individually. Because of construction defects Jones sued defendants for $3,626 in repairs and $5,000 for inconvenience and loss of use together with reasonable attorney’s fees. The trial court denied the claim for inconvenience and loss of use under Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1980).
The trial court handed down written reasons for judgment which dealt for the most part with a detailed survey of the items of repair. With reference to attorney’s fees the trial court observed only that, “Although the plaintiff’s attorneys are demanding considerably more than the award the plaintiffs are getting in this case, the recovery of attorneys’ fees will be limited to one-third of the amount of the award.” As the award was $1,110.80, the attorney’s fees were fixed at $370.27.
At first blush it might appear that $370.27 is poor compensation for over thirty hours of work. However, we note that plaintiff’s claim of $5,000 for inconvenience and loss of wages was rejected altogether and the trial court awarded less than one-third of the amount demanded in repairs ($1,110.80 out of $3,626.00 demanded). The trial court was entitled to engage in some balancing of the result against counsel’s time and effort. The question here is reasonable attorney’s fees to be granted as damages against the losing party and not what counsel may reasonably charge his client.
The discretion and role of the trial judge in fixing attorney’s fees is discussed in State, Department of Highways v. Terrebonne, et al., 349 So.2d 936 (La.App. 1st Cir.1977), writ denied, 351 So.2d 166 (La.1977) and Dowden v. Commonwealth Life Insurance Company, 407 So.2d 1355 (La.App. 3rd Cir.1981). We find no abuse of the trial court’s discretion in fixing the attorney’s fees in this case. No increase in attorney’s fees will be made for conducting this appeal as appellant did not prevail. Reeves v. Great Atlantic & Pacific Tea Company, Inc., et al., 370 So.2d 202 (La.App. 3rd Cir.1979), writs denied, 371 So.2d 835 (La.1979) and 372 So.2d 568 (La.1979) and Conlay v. Houston General Insurance *348 Company, 370 So.2d 196 (La.App. 3rd Cir.1979), writ granted, 371 So.2d 618 (La.1979), dismissed upon settlement, 374 So.2d 650 (La.1979).
For the foregoing reasons we affirm the judgment of the trial court. The costs are assessed to the plaintiff-appellant.
AFFIRMED.