497 So.2d 747 (1986)
Catherine Ann GOFF,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, et al.
No. 85-957.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Rehearing Denied December 9, 1986.
*748 Roy and Hattan, M. Candice Hattan, Lafayette, for plaintiff-appellant.
Voorhies and Labbe, Robert Ellender and Thomas Hightower, Jr., Lafayette, Davidson, Meaux, John G. Swift, Lafayette, Sonnier and Hebert, Paul J. Hebert, Abbeville, Grace Powers Monaco, White, Fine and Verville, Washington, D.C., Cliffe E. Laborde and Elizabeth O'Brien, Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY, FORET, YELVERTON and KING, JJ.
GUIDRY, Judge.
This case arose when defendants denied plaintiff's claims for medical insurance benefits. From a judgment in favor of plaintiff, Catherine Ann Goff, and against defendants, Reliance Insurance Company and John Hancock Mutual Life Insurance Company, this appeal follows. The sole issue on appeal concerns the amount of attorney's fees awarded plaintiff. The merits of the case are not at issue.
The facts surrounding this action are completely undisputed. In 1979, Mrs. Goff detected a suspicious lump in her left breast. The biopsy performed produced negative results. In 1981, a second biopsy was performed, this time producing positive results. Mrs. Goff thereupon commenced a series of medical treatments, which included chemotherapy and a mastectomy.
After having exhausted all conventional medical treatment possibilities without having achieved a remission of the spreading cancer, Mrs. Goff pursued further treatment at the Immunology Research Center, Ltd. (I.R.C.) in Freeport, Grand Bahama Island, Bahamas. The treatments offered at the I.R.C. were unavailable in the United *749 States because of the general medical consensus that such were less than medically effective.
Mrs. Goff made claims for reimbursement for the medical expenses which she incurred at the I.R.C. This suit results from a denial of such claims. Made defendants in the suit were her employer, Reliance Insurance Company (Reliance), which was self-insured; John Hancock Mutual Life Insurance Company (John Hancock), the administrator of Reliance's health insurance program; Omark Industries, Inc. (Omark), Mrs. Goff's husband's employer which was also self-insured; John Hancock, as the administrator of Omark's health insurance program; and, Blue Cross/Blue Shield of North Carolina.[1] All of the named defendants had refused insurance coverage on the basis that the treatment from the I.R.C. was not "medically necessary", and, as such, was excluded under the policies and/or that Mrs. Goff was not an insured.
The merits of the case were tried before a jury. The jury found that the expenses incurred by Mrs. Goff at the I.R.C. were not covered under Omark's self-insured plan, however, such expenses were covered under Reliance's plan. The jury therefore cast Reliance and John Hancock, its administrator, with 100% of the expenses of treatment. The jury further determined that the denial of coverage by Reliance had been arbitrary and capricious, mandating an award of penalties and attorney's fees.
In accordance with the jury's verdict, the trial court rendered judgment in favor of the plaintiff and against defendants, Reliance and John Hancock, in the amount of $6,128.92 (medical benefits plus a 100% penalty) plus $7,500.00 in attorney's fees. Plaintiff appeals from that judgment for the limited purpose of seeking an increase in the award of attorney's fees. Plaintiff also seeks an additional amount in attorney's fees for work expended on appeal.
La.R.S. 22:657 provides in pertinent part:
"... Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accidents benefits due under the terms of the policy ... together with attorney's fees to be determined by the court...."
The amount of attorney's fees rests largely within the discretion of the trier of fact. White v. Martin GMC Trucks, Inc., 359 So.2d 1094 (La.App..3rd Cir.1978), writ denied, 367 So.2d 391 (La. 1978); Fontenot v. F. Hollier & Sons, 478 So.2d 1379 (La.App. 3rd Cir.1985), writ granted, 481 So.2d 1326 (La.1986). Factors to be considered by the trial court in determining the amount of attorney's fees to be awarded include: (1) the legal know how and skill of the attorneys involved; (2) the complexity of the issues inherent in the case; (3) the amount in controversy; and, (4) the success of the party seeking attorney's fees. Dowden v. Commonwealth Life Insurance Co., 407 So.2d 1355 (La. App. 3rd Cir.1981); Naquin v. Air Engineered Systems & Services, 463 So.2d 992 (La.App. 3rd Cir.1985), writ denied, 465 So.2d 735 (La.1985); Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3rd Cir.1985). In cases where attorney's fees are awarded as a result of arbitrary nonpayment of insurance benefits, such award is deemed to be a penalty and the value of the attorney's fees need not be proven. Dowden v. Commonwealth Life Insurance Co., supra; Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir. 1979), writ denied, 379 So.2d 1102 (La. 1980).
In the instant case, evidence regarding the services rendered by plaintiff's attorneys in connection with the preparation for and litigation of the present suit was introduced after judgment on the merits at a new trial granted for the limited purpose of reviewing the attorney's fee award. At *750 the conclusion of the hearing, the trial judge found that the original attorney's fee award of $7,500.00 was appropriate.
For the reasons which follow, we ultimately determine that the attorney's fee award made by the trial court is too low and constitutes an abuse of discretion. We reach this conclusion based upon the factual findings of the trial court considered in light of the settled principles to be considered in making an appropriate award of attorney's fees.
The trial court correctly found that the issues presented in this case were novel, varied and extremely complex. A review of the record reveals not only novel and complex coverage issues but extremely novel and complex medical issues. The trial court also correctly concluded that the plaintiff's attorneys' skill in handling the issues and their diligence and preparedness during the trial of the matter was extraordinarily high.
The trial court noted in its reasons for judgment that an attorney's fee award based upon $75.00 per hours was appropriate and reasonable and "there was some approximately 200 to 250 hours of attorney's time put in." In spite of these conclusions, the trial court awarded only $7,500.00 in attorney's fees reasoning as follows:
"... Accepting the higher amount, 250 hours, the Court would find that the sum of $18,000.00 at the rate of $75.00 would be due; about 200 hours, which is probably somewhat fairer would be $14,000.00. The Court has already awarded over 50% of this amount. I realize the award is low reagarding the time put in, but considering all of the factors I consider it the most that I can do at this time." (Emphasis ours).
Presumably the trial court did not make the award which it considered to be the "fairer" award, i.e., $14,000.00 by reason of its determination that the amount in controversy was low and plaintiff was only 50% successful. We conclude that in these respects the trial judge erred.
Admittedly, the award to plaintiff of $6,128.92 (medical benefits due plus the 100% penalty) is a relatively low award. However, this award does not reflect the true value of the judgment rendered in plaintiff's favor. The suit was originally filed for approximately $3,000.00 in accumulated benefits. Although this is a small amount, the evidence adduced at trial clearly established that the therapy which Mrs. Goff is undergoing at the I.R.C. is not limited to a specific number of isolated treatments, but rather will continue for the remainder of her life. Continued coverage for these services by Reliance and John Hancock has now been judicially determined. The value of these services will only become fully realized at the end of plaintiff's life. The record does establish that the minimum value of the judgment to plaintiff is $3,000.00 per year. Thus, the amount in controversy, when viewed in light of its potential far reaching effect, certainly cannot be deemed low.
Additionally, it is not uncommon for the courts of this state to award attorney's fees which exceed the dollar demand of the claimant when an award is appropriate under La.R.S. 22:657. Saunders v. General American Life Insurance Company, 364 So.2d 1373 (La.App. 3rd Cir.1978); Majors v. Blue Cross of Louisiana, 399 So.2d 766 (La.App. 3rd Cir.1981); Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La.App. 3rd Cir.1975). As we stated in Dortlon v. Union Fidelity Life Insurance Company, 326 So.2d 383 (La.App. 3rd Cir.1976):
"Union Federal finally contends the $1,000 attorney fee was excessive because it exceeds the $800 claim. The fee is intended to be a reasonable compensation for the services required to successfully conclude the claim. To limit the fee to the amount of the claim would effectively deny persons with claims amounting to less than reasonable compensation for minimum services the benefit intended by the statute. We find no manifest error in the trial court's refusal to apply such an arbitrary limitation."
*751 In discussing the final factor in the analysis, the trial judge concluded that the success obtained by the plaintiff was "substantially 50%". This determination was apparently based on the fact that plaintiff only recovered against two of the five parties made defendants in the instant suit. We hold such reasoning to be error.
Plaintiff instituted the instant suit to recover the costs of the medical treatment she had received and which she was continuing to receive at the I.R.C. This is exactly what the judgment accorded her. Although all five named defendants were not held accountable for the expenses, the two defendants held liable were cast for 100% of her claim. In this respect, plaintiff was 100% successful. The judgment against Reliance and John Hancock awards plaintiff payment for all accrued medical expenses and continued treatment for the remainder of her life. Additionally, counsel for plaintiff would have been remiss in their duty had they not sought recovery from all possible defendants.
In sum, reasonable attorney's fees contemplate compensation for all necessary efforts expended by an attorney to win his client's case. In the present case, defendants chose to spend an enormous amount of attorney's time and money on a defense which the trier of fact found to be arbitrary and capricious. This necessitated plaintiff's counsel matching their efforts in time, money and legal expertise. The trial court's award for reasonable attorney's fees should reflect these efforts.
For these reasons, we conclude that the trial court erred when it did not award attorney's fees in an amount which it considered the "fairer" amount solely by reason of the modest award to plaintiff and its determination that plaintiff was only 50% successful. We will amend the judgment to award this amount.
Plaintiff-appellant also seeks an additional award of attorney's fees for work expended by her counsel on appeal. We conclude that the amended award will fairly compensate plaintiff's attorneys for their work both at the trial level and on appeal.
For these reasons, the judgment of the trial court is amended so as to increase the award of attorney's fees to the sum of $14,000.00. In all other respects the judgment of the trial court is affirmed. Appellees are cast for all costs of this appeal.
AFFIRMED AS AMENDED.
FORET, J., concurs and assigns reason.
KING, J., concurs with reason assigned by FORET, J., and would also grant an increase in attorney fees for appeal.
DOMENGEAUX, J., dissents and assigns reason.
FORET, Judge, concurring.
I file this concurring opinion for two reasons:
First, to state my views on the issue of considering "the amount in controversy" as one of the four guidelines in setting the amount of penalty attorney's fees when same are awarded. In my view, the amount in controversy should play a minimal role in determining an award of attorney's fees as penalties. The most complex of cases frequently involve a small amount of money. This case is just such an example. I recently participated in a case, which was settled out of court, after oral argument in our Court, in which the amount in controversy was $1500. The issue involved was a novel one, and yet the insurance company chose to litigate the claim, forcing the claimant to hire counsel, proceed through a hearing in the trial court, and a subsequent appeal.
The award of penalties as attorney's fees is just that: a penalty imposed for arbitrary, unreasonable, and/or capricious refusal to pay. Attorney's fees awards are a statutory balancing leverage granted a claimant to insure that a claimant denied payment of his claim where the amount is small, can procure the services of an attorney to represent him against the defendant. A plaintiff with a hundred dollar claim would indeed be hard put to obtain the services of a lawyer in any case, complicated or otherwise, purely based on a *752 contingent fee. Hence, the advantage, if there are no attorney's fees provided, or if the amount in controversy played any kind of a role in setting attorney's fees as a penalty, would be in favor of the defendant. Indeed, if the amount claimed is small, all the greater is the degree of arbitrariness and capriciousness in failing to pay, or otherwise settle the claim. It is for this reason that I believe that the amount in controversy should play little or no role in the assessment of attorney's fees as a penalty. Although the record in this case does not reflect the amount of attorney's fees which were paid by the defendants in this case to their various attorneys, I would venture to say that the total amount will be enormously in excess of the amount of $14,000, which we are awarding to the claimant.
Secondly, the majority denies an increase in the award of attorney's fees for services performed in this appeal. I am of the opinion that we should allow $2,500 as attorney's fees for the services rendered on appeal by plaintiff's attorney.
DOMENGEAUX, Judge, dissenting.
I respectfully dissent from the majority opinion which holds that the $7,500.00 attorney fee is insufficient, and constitutes an abuse of the trial judge's discretion.
At trial the plaintiff introduced no evidence purporting to prove her claim for attorney fees. However, after the jury verdict was rendered, the plaintiff filed a motion for new trial on the issue of costs/attorney fees. In connection with that motion, the plaintiff's attorney submitted for the first time an itemized bill for expenses and services rendered for the court's consideration. Over objection, the court granted the motion for new trial and a hearing was held.
At that hearing, the court allowed the introduction of the itemized statement for expenses and services rendered. Following the hearing, the district judge discussed the various factors in making an award for attorney fees but concluded that his original award of $7,500.00 was appropriate. First, the trial judge recognized the skill of the plaintiff's attorney and accordingly set her fee at $75.00 per hour. Secondly, the evidence submitted by the plaintiff at the hearing on the motion for new trial indicated that the plaintiff's attorney had spent between 200 and 250 hours on the case. The judge noted that if the higher amount of 250 hours was accepted, the sum of $18,000.00 would be due. However, the court felt that 200 hours was probably a more realistic indication of the effort the plaintiff's attorney devoted to her client's case.[1] This factor, standing alone, could support a $14,000.00 fee.
The court further noted that the amount in controversy, $6,128.92, plus the cost of speculative future treatments of a terminally ill plaintiff, was extremely low. The trial court also considered the complexity of the case before it, and recognized that it presented some novel issues. Counsel for plaintiff maintains that she has never dealt with an insurance coverage issue as complex as the one she has confronted in the instant case. She contends that it was of such importance to the defendants that they called in several out-of-state expert witnesses. However, the fact that experts had to be called in from outside of this state does not in itself make this a cas célèbre entitling plaintiff to an almost 100% increase in what the trial judge awarded as attorney fees. Although it is evident that plaintiff's attorney did a commendable job in her pursuit of this case, the bottom line is that this was simply a case requiring the interpretation of a provision in a health insurance policy. Our jurisprudence abounds with cases requiring judicial interpretations *753 of various sorts contained in policies such as the one involved here.
Finally, although the plaintiff ultimately achieved her goal of recouping the costs of her treatment at I.R.C., the trial court concluded that her success in court was somewhat less than 50% because two of the three defendants were found not liable on her demands. Because this appeal questions the sufficiency of the award of attorney fees, this last factor is relevant in that it exposes the amount of effort the plaintiff's attorney devoted to her cause against the two successful defendants. This is not to say that plaintiff's attorney should be faulted for naming as defendants all potential obligors; however, I feel, as did the trial judge and jury, that the time spent pursuing two of the named defendants was unfruitful and bears on the success rate of the plaintiff's attorney as related to the work she did in litigating her client's demands against them.
The trial judge stated that he considered all of the above factors and determined that the most he could award in attorney's fees was $7,500.00.
We on appeal do not have the benefit of the trial judge's firsthand observation of the time and effort expended by the plaintiff's attorney in this case. Neither do we have the right to violate the rules of appellate review by substituting our evaluation of what the plaintiff's attorney deserves for prosecution of this claim absent a manifest abuse of the trial court's discretion in setting attorney fees.
Where a lower court decision such as this is so clearly within the realm of discretion and supported by thoroughly considered reasons, the majority, by increasing the attorney fees to $14,000.00, has, I respectfully suggest, established a dangerous precedent for future review of trial court awards of attorney fees.
In conclusion, I find it interesting to note that no cases were furnished us which would comparatively justify such an increase of attorney fees, and my independent research likewise discloses none.
I respectfully dissent.
NOTES
[1] Blue Cross/Blue Shield of North Carolina was dismissed from the suit early during the proceedings on a motion for summary judgment.
[1] The majority quotes a portion of the trial judge's reasons for awarding only $7,500.00 in attorney fees. In doing so, the majority claims that the trial judge thought the "fairer" award would be $14,000.00. From a reading of that excerpt, it is evident that "fairer" referred not to the amount of the award but to the number of hours he felt plaintiffs counsel spent on this case.