DECUIR, Judge.
This case involves a suit to recover benefits on two health insurance policies issued to plaintiffs, Frederick Bischoff Sr. and Bessie Bischoff by defendant, Old Southern Life and Health Insurance Company. Plaintiffs seek to recover for medical expenses incurred from August 1987 through October 1988 by various family members. After a trial on the merits, reasons for judgment were issued and judgment rendered in favor of plaintiffs in the amount of $28,062.56 for past due medical plus 100% penalties pursuant to LSA-R.S. 22:657 and attorney’s fees in the amount of $2,500.00. The judgment of the trial court further ordered that the policies issued by defendant be reformed to provide 100% coverage. Old Southern appeals the judgment of the trial court contending the trial court erred in finding that this court reformed the policies at issue in previous litigation and in reforming the policies to provide 100% coverage. Old Southern further contends that the trial court erred in finding defendant arbitrary and capricious and in awarding penalties and attorney’s fees.
The case sub judice is a second suit filed by Mr. and Mrs. Bischoff against Old Southern involving the same policies and presenting the same issues for the recovery of medical expenses incurred in 1982. The previous case was tried and an appeal taken. An opinion was rendered by this court in Bischoff v. Old Southern Life Insurance Company, 502 So.2d 181 (La.App. 3 Cir.1987), and we note this court’s language at page 184:
Having found that the plaintiffs’ claims are not to be barred in this case, we must determine what amount the defendant owes under the two insurance policies. The first policy is a “Hospital and Surgical Expense Policy” and the second is entitled “Excess Major Medical Expense Policy”. Defendant contends that the plaintiffs’ calculations, which the trial judge accepted, are not in accord with the coverage provisions of the two policies. The defendant asserts that from a reading of the two policies, it is obvious that the policies provide only limited coverage. However, Mr. and Mrs. Bischoff both testified that the agent told them that the two policies would cover 100% of all bills associated with any claim. It was Mr. Bischoffs understanding that “... the first policy would cover eighty percent of the hospital bill and the second policy would cover what the first one didn’t.”
In Dowden v. Commonwealth Life Insurance Company, 407 So.2d 1355 (La.App. 3rd Cir.1981), we stated:
“Our courts have recognized that in certain instances of mistake, error, negligence or fraud on the part of an agent or employee of an insurer, a contract of insurance can be reformed to conform to the original intention of the parties thereto. If an agent has knowledge of the true intentions of the policyholder as to the coverage sought, the insurer is bound by its agent’s knowledge, and the policy thus issued will be reformed to the insured’s original intention.” [Citations omitted].
Defendant’s only witness, Ms. Beverly Duke, submitted a copy of a potential liability worksheet in reference to the plaintiffs’ claims. She figured the total liability under both policies to be $5,678.70. The trial judge, however, awarded the plaintiffs benefits totalling $10,608.57. Even assuming Ms. Duke’s calculations to be correct, we will not disturb the trial court’s award because of the actions and misrepresentations of defendant’s agent when he sold the policies to the Bischoffs.
This court in Bischoff, supra, relying on the case of Dowden v. Commonwealth Life Insurance Company, 407 So.2d 1355 (La.App. 3rd Cir.1981), effectively reformed the policies in question. Dowden, supra, is directly on point and dispositive of the issue *981 of coverage in both the previous litigation and the case sub judice. It has already been determined in previous litigation by this court that although the policies in question provided limited coverage, the agent selling the policies assured Mr. and Mrs. Bischoff the two policies would provide coverage for 100% of all medical bills associated with any claim and that it was the plaintiffs’ understanding that the first policy would cover 80% of any claim and the second or excess policy would provide coverage for whatever amount the first policy did not provide coverage. This court relying on Dowden, supra, refused to disturb the trial court’s award based on the actions and misrepresentations of defendant’s agent when he sold the policies to Mr. and Mrs. Bischoff. We note that defendant submitted no testimony in the case sub judice to contradict plaintiffs’ testimony as to the intended amount of coverage, nor was defendant’s agent who sold the policies present to rebut plaintiffs’ allegations. We refuse to reconsider this court’s previous ruling on this subsequent appeal. We find that the trial judge properly relied upon this court’s opinion in the prior appeal and Dow-den, supra.
Old Southern contends that the issue of reformation of the policies was not properly before the trial court. Having determined that the policies at issue have been reformed by this court in previous litigation, this issue is rendered moot and will not be addressed.
Finally, Old Southern contends that the record contains no showing that medical payments were delinquent or in any manner contrary to the coverage provided in the policies. We find this argument to be merit-less. The record contains medical bills submitted into evidence, evidence of amounts paid by defendant, and the policies in question. The record also contains a schedule introduced at trial of amounts owed under both policies. Likewise, we find no error by the trial court in imposing penalties and attorney’s fees in light of the evidence presented of plaintiffs’ repeated demands for payment, and in light of this court’s prior opinion regarding the identical policies, parties, and factual and legal issues now before this court.
AFFIRMED. COSTS OF APPEAL ARE ASSESSED AGAINST DEFENDANT-APPELLANT.