1 ¡.EDWARDS, Judge.
Plaintiff/appellant Ellen Brown appeals the rulings of the trial court granting summary judgments in favor of defendants/appellees Manhattan Life Insurance Company (“Manhattan Life”), Mike Levy Associates, Inc., Michel Levy Boudreaux and Continental Casualty Company (collectively “Levy”). Brown filed suit against the various defendants for failure to pay on a life insurance policy issued by Manhattan Life to her now deceased husband, John Marshall Brown. Levy was Mr. Brown’s employee benefit planner. Brown alleges that the trial court erred in granting summary judgment because there are material issues of fact in dispute. For the following reasons, we reverse the judgment of the trial court.
John Marshall Brown contracted a policy of life insurance with Manhattan Life. On February 3, 1995, Manhattan Life sent a letter to Mr. Brown informing him that his check for the January premium was returned as non-negotiable. On | ¡¡March 2, 1995, Manhattan Life once again sent a letter to Mr. Brown informing him that his pre-authorized check for the January and February premiums had been returned marked “Account Closed.” At this time, Mr. Brown was informed that his policy was in a state of lapse.
By letter dated March 19, 1995, Manhattan Life informed Mr. Brown that the grace period had ended and that he was no longer covered by policy number ML3902431. He was also informed that in order to apply for reinstatement, he would have to complete the reinstatement application and return it with a check in the amount of the unpaid premium balance.
Mr. Brown was contacted by Levy, his employee benefit planner, on March 27, 1995 concerning the reinstatement of his policy. On April 5, 1995, Mr. Brown’s check in the amount of $514.44 was received by Levy. This amount represented the January, February, March and April premiums which were currently due. The reinstatement application was never received. Levy sent the check to Manhattan Life, which deposited the funds in a holding account while waiting for the reinstatement application.
On May 25, 1995, Levy advised Manhattan Life that Mr. Brown did not wish to reinstate his life insurance policy. On June 6, 1995, Manhattan Life returned a check in the amount of $514.44 to Mr. Brown, who cashed it on June 12, 1995.
On June 12, 1995, Mr. Brown contacted Manhattan Life stating that he wanted to reinstate his policy. On June 21, 1995, Levy mailed another reinstatement application for Manhattan Life to Mr. Brown. On July 14, 1995, Levy received the completed reinstatement application from Mr. Brown, but did not receive any premium payments. On July 20, 1995, Levy contacted Mr. |4Brown and informed him that in order to reinstate the life insurance policy, a check in the amount of $1,028.88 was required by Manhattan Life. On July 27, 1995, Levy sent a letter to Mr. Brown again requesting the premium payments. Mr. Brown was killed in an automobile accident on August 8,1995.
Ellen Brown was the named beneficiary on John Brown’s life insurance policy with Manhattan Life. Shortly after Mr. Brown’s death, Ellen Brown submitted a claim to Manhattan Life for the $200,000 purchased under the policy. Manhattan Life informed Brown that the policy had lapsed and had not been reinstated. Due to this lapse, Manhattan Life refused to make payment on the policy.
Brown filed suit against Manhattan Life, Mike Levy Associates, Michel Levy Bou-dreaux and Continental Casualty on July 24, 1996. In the petition she alleged that as a result of an improper billing procedure (i.e. direct drafting), the policy had lapsed for untimely payment. She further *48 alleged that due to the negligence of Levy, the policy was not reinstated timely. At all times prior to the rejection of her claim, Brown believed the life insurance policy provided by Manhattan Life to be in effect.
Summary judgments were filed by both Manhattan Life and Levy on the grounds that there were no material issues of fact in dispute and that they were entitled to judgment as a matter of law. On May 13, 1998, the trial court granted summary judgment in favor of Levy. Brown was not represented at the hearing as her counsel had withdrawn from the case. On November 12, 1998, the trial court granted summary judgment in favor of Manhattan Life over the objection of plaintiffs counsel. On November 18, 1998, the trial court designated the May 13,1998 judgment as a final judgment for purpose of an immediate appeal.
| BBrown filed a notice of devolutive appeal on January 5, 1999 which was subsequently granted by the trial court. Two separate motions to dismiss appeal were filed for failure to pay costs. These motions were denied by the trial court on September 20, 1999. The matter is now before this Court for review.
LAW AND ANALYSIS
Brown alleges one assignment of error on appeal. In her one assignment of error, Brown alleges that the trial court erred in ruling that there was no genuine issue of material fact in dispute, thereby granting the defendants’ motions for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[3]
The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains |fion the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.”[5] A material fact is one that would matter on the trial of the merits.[6] Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.[7]
There are genuine issues of material fact in dispute in this case. One issue is whether or not Levy was acting as an agent of Manhattan Life or merely as a broker on behalf of Mr. Brown. A second issue is the intent of Mr. Brown to reinstate the insurance policy, whether or not Levy had knowledge of this intent, and whether or not this knowledge is imputable to Manhattan Life.
*49 Insurance agents are persons employed by the insurance company to solicit risks and effect insurance.[8] Insurance brokers solicit insurance from the public under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself.[9] The general distinction between them is that, in the absence of special circumstances, the broker is the agent of the insured in procuring the policy of insurance and does not represent the insurer.[10] The acts of one procuring insurance as agent of the insurer are imputable to the insurer while those of one |7acting as agent of the insured, or as a broker, are not.[11]
A broker who procures insurance which is accepted and issued by an insurance company pursuant to application forms furnished to the broker by the company is considered the agent of such company in the issuance of the policy.[12] Whether a broker in any particular transaction acts as the agent of the insurer or insured is a question of fact dependent on the particular circumstances of the case.[13]
In the present case, Levy claims to be an insurance broker, not an insurance agent of Manhattan Life. Brown alleges that Levy acted as an agent of Manhattan Life by attempting to procure insurance for him pursuant to the reinstatement application form furnished to Levy by Manhattan Life. This is a question of fact which must be determined by the trial court.
If Levy acted as an agent of Manhattan Life, a second issue is whether or not Levy knew of Mr. Brown’s intent to reinstate the insurance policy and whether or not this knowledge is imputable to Manhattan Life. If an agent has knowledge of the true intentions of the policyholder as to the coverage sought, the insurer is bound by its agent’s knowledge, and the policy thus issued will be reformed to the insured’s original intention.[14]
The acts of one procuring insurance as an agent of the insurer are 1 ^imputable to the insurer.[15] Thus, an insurance agent’s acts, mistakes, errors, negligence, representations, or omissions are those of the insurance company.[16]
Brown alleges that through Levy’s negligence, her husband’s life insurance policy was not reinstated by Manhattan Life. If this were true, and if Levy acted as an agent of Manhattan Life, then the knowledge of Mr. Brown’s intent would be imputable to Manhattan Life. This is a question of fact which must be determined by the trial court.
In summary, it is the opinion of this Court that the trial court erred in granting summary judgment in favor of Levy and Manhattan Life. The trial court must determine whether Levy acted as an agent of Manhattan Life or as a broker for Mr. Brown. The trial court must also determine whether or not Levy knew of Mr. Brown’s intent to reinstate the policy and if this knowledge is imputable to Manhat *50 tan Life. These are genuine issues of material fact which must be determined on the merits of the case. The judgment of the trial court must be reversed.
REVERSED.
DALEY, J., DISSENTS WITH REASONS

. Bua v. Dressel, 96-79 (La.App. 5 th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir. 10/28/97), 702 So.2d 971.

. Id. at 974.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.

. Id. at 1308.

. Tassin v. Golden Rule Ins. Co., 94-0362 (La.App. 1st Cir. 12/22/94), 649 So.2d 1050, quoting Raymond v. Zeringue, 422 So.2d 534 (La.App. 5th Cir. 1982).

. Id. at 1054.

. Id.

. Id.

. Id.

. Id.

. Washington v. Montgomery Ward Life Ins. Co., 25-921 (La.App. 4th Cir.6/22/94), 640 So.2d 822; writ denied, 94-2302 (La. 11/18/94), 646 So.2d 385; Bischoff v. Old Southern Life Ins. Co., 624 So.2d 979 (La.App. 3rd Cir. 1993); writ denied, 93-2739 (La. 1/13/94), 631 So.2d 1162.

. Coco v. Southern United Fire Ins. Co., 96-135 (La.App. 3rd Cir. 11/13/96), 682 So.2d 1014; writ denied, 96-2977 (La.2/21/97), 688 So.2d 517.

.Id. at 1018.