352 So.2d 406 (1977)
Alma L. CLOUD, Plaintiff-Appellee,
v.
SECURITY GENERAL LIFE INSURANCE CO., Defendant-Appellant.
No. 6166.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*407 Baggett, McClain & Morgan by Drew A. Ranier, Lake Charles, for defendant-appellant.
Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff in this suit seeks to recover benefits allegedly due her as an insured under a major medical policy issued by defendant. Defendant admits issuance of the policy and that the medical and surgical expenses incurred exceeded the policy limits, i. e., $1500.00, but declined payment on the ground that plaintiff, in her application for such insurance, made certain material misrepresentations with intent to deceive the insurer, which alleged misrepresentations materially affected the risk assumed by the insurer. See LSA-R.S. 22:619(B). The trial court awarded plaintiff the full amount of benefits due under the policy and, additionally, penalties and attorney's fees for the insurer's failure to timely pay a claim arising under its policy. See LSA-R.S. 22:657. Defendant appeals. Plaintiff has answered the appeal and requests an increase in the amount of attorney's fees awarded.
The attendant facts are not in dispute.
On September 6, 1974, Don Taylor, an agent for defendant, visited Alma Cloud and her husband, Dolton, at their residence in Goldonna, Louisiana. Taylor's visit was in response to an inquiry from the Clouds indicating interest in securing a major medical policy advertised by defendant. At this meeting Taylor discussed with the Clouds their needs and recommended the purchase of a major medical policy. In due course, Taylor filled out the required application for insurance which was signed by Dolton Cloud. We digress at this point to observe that the procedure followed in completing the application was that Taylor posed questions to the Clouds and their responses were written on the application by Taylor. The entire application was filled out by Taylor and thereafter presented to Mr. Cloud with the suggestion that he "sign here and here and here". Both Mr. and Mrs. Cloud testified with positivity that neither read nor handled the application. Their testimony in this regard is corroborated and uncontradicted.
On September 17, 1974, the policy was issued and has been continued in force since *408 said date by the timely payment of premiums by the Clouds. The maximum amount payable under the terms of the policy is $1500.00.
On April 5, 1976, Alma Cloud was admitted to the P & S Hospital in Shreveport, Louisiana, for surgical repair of a hernia. The surgical and hospital expenses for this confinement exceeded the policy limits.
Following this hospital confinement Alma Cloud filed a claim under the aforesaid policy which was rejected. The reason given by defendant for rejection of Mrs. Cloud's claim was an alleged material misrepresentation by the Clouds in their application for such insurance. Specifically, defendant alleges that the Clouds gave false answers to questions 10 and 11 on the application. Question 10 seeks information as to the number of hospital confinements "within the past 5 years" and the reason for such confinements. Question 11 seeks information concerning any disease of the circulatory system etc. It is not disputed that the answers to these questions, insofar as Alma Cloud is concerned, are not accurate. Mrs. Cloud suffered for many years from "Raynaud's disease", a disease of the circulatory system, and within 5 years of the application, although more than one year before the application for insurance, Mrs. Cloud was hospitalized for a mild cerebral hemorrhage. Neither is mentioned on the application. In explanation of these material omissions from the insurance application both Mr. and Mrs. Cloud testified that Taylor made no inquiry with regard to Question 11 and with regard to Question 10 inquired only as to hospital confinements for a one year period immediately preceding the date of application. It is not disputed that all hospital confinements of both Mr. and Mrs. Cloud for the year preceding the application are accurately reported. This testimony of the Clouds is uncontradicted and is corroborated by a disinterested witness who was visiting in the home of the Clouds at the time the application was completed. Don Taylor, the agent who completed the application, was not summoned as a witness and did not testify.
It is clear from the record that defendant, after discovering the answers on the application were false, did not seek to determine if such answers resulted from misrepresentations by the Clouds with intent to deceive. In this regard Mr. Robert Miller, defendant's vice-president and claims manager, testified as follows:
"Q. So you are not in a position to offer any evidence with reference to the accuracy or inaccuracy of the testimony of Mr. and Mrs. Cloud, regarding the conduct and actions of the agent at the time the application for insurance was taken by your company?
A. I can only base my decisions on the opportunity provided by the application and their certification that it was accurate."
In rejecting defendant's LSA-R.S. 22:619(B) defense the trial judge stated:
"This court finds that the insurer has not presented any proof, other than the application filled out by their agent, as to incorrect medical information. There is no proof that the Clouds intentionally sought to deceive the insurer."
We conclude that the trial judge was eminently correct.
It is well settled that the acts of an insurance agent in filling out an application form falsely are the acts of his principal, the insurer, and they do not bind the innocent insured nor bar recovery by him or his beneficiaries. Fruge v. Woodmen of the World Life Insurance Society, 170 So.2d 539 (La.App. 3rd Cir. 1965); Morein v. American Physicians Insurance Company, 192 So.2d 887 (La.App. 3rd Cir. 1966).
In the recent case of Watson v. Life Insurance Company of Louisiana, 335 So.2d 518 (La.App. 1st Cir. 1976) our brethren of the First Circuit correctly set forth the criteria necessary for successful assertion by an insurer of a defense under LSA-R.S. 22:619(B):
"In order for the insurer to successfully urge LSA-R.S. 22:619(B) as a defense to recovery of the proceeds by the plaintiff-appellant, it must be proved that material *409 misrepresentations were made fraudulently or with intent to deceive the insurer and that the misrepresentations materially affected the risk assumed by the insurer. Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957); Reed v. American Casualty Company of Reading, Pennsylvania, 317 So.2d 648 (La.App. 1st Cir. 1975), writ refused, 320 So.2d 914 (1975); Parfait v. Minnesota Mutual Life Insurance Company, 311 So.2d 558 (La.App. 4th Cir. 1975), writ refused, 313 So.2d 847 (1975); Knight v. Jefferson Standard Life Insurance Company, 205 So.2d 485 (La.App. 1st Cir. 1967). Thus, the burden of proof is on the insurer to prove, in addition to the falsity of the statement made, the following two elements: (1) materiality and (2) intent to deceive. Stoma v. Prudential Insurance Company of America, 281 So.2d 871 (La.App. 3rd Cir. 1973)."
In the instant case defendant clearly failed to establish that the Clouds made any material misrepresentations or that they are at any time sought to deceive the insurer. Rather, the record amply supports the trial court's finding that the false statements were the product of defendant's agent and that defendant is bound thereby.
The trial court determined that plaintiff is entitled to penalties and attorney's fees under LSA-R.S. 22:657(A). We agree with this conclusion and are pleased to adopt the learned trial judge's reasons in support of such finding:
"Mrs. Cloud has asked for penalties, being the additional sum of $1,500.00, plus attorneys fees.
The record of evidence herein convinces this Court that any reasonable investigation of Mrs. Cloud's claim by the insured would have disclosed that Mrs. Alma Cloud would be entitled to recover the benefits under this policy. No employee of defendant or independent adjuster made such a thorough investigation. The insurer took the position that the error placed in the application by their agent (who, according to the record of evidence, they did not consult) was proof sufficient to exercise their privilege to declare the major medical policy null and void as if never written.
L.R.S. 22:657(A) permits the assessment of penalties and attorneys fees unless the insurer's refusal to pay the claim within 30 days is based on `just and reasonable grounds, such as would put a reasonable prudent businessman on guard, exist.'
The policy defense that there was misrepresentation this Court has held was without merit. The acts of their insurance agent in filling out the application form with incorrect data when the agent had been given the correct facts are the facts of his principal, the insurer. Other than relying on the application, the insurer made no effort to prove any misrepresentation by Mrs. Cloud.
The insurer failed to properly investigate and evaluate the legal and factual efficacy of its position and preferred to resist liability upon its technical and tenuous defense of misrepresentation. Such action on the insurer's part renders it liable for the statutory penalties. See Morein v. American Physicians Ins. Co., 192 So.2d 887 (La.App. 3rd Cir. 1966).
This Court awards the penalty of 100% of the claim by Mrs. Cloud, or an additional $1,500.00, plus $1,000.00 as attorney's fees."
The final issue concerns adequacy of the amount awarded as attorney's fees. Although counsel for plaintiff strenuously argues that his fee should be increased substantially our examination of the record discloses no abuse of the trial court's discretion in fixing such award. We do conclude, however, that plaintiff is entitled to an increase in the award as a result of services performed by her counsel on appeal. We believe that the sum of $250.00 for services on appeal is reasonable.
For the reasons assigned it is ordered that the judgment of the trial court be amended so as to increase the award of attorney's fees from $1000.00 to $1250.00. Except as amended the judgment of the trial court is affirmed.
AMENDED AND AFFIRMED.