422 So.2d 534 (1982)
Curtis RAYMOND
v.
Sharon ZERINGUE, et al.
No. 5-213.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
*535 Gordon Hackman, Boutte, for plaintiff-appellant.
Talbot, Sotile, Carmouche, Marchand & Marcello, Donald T. Carmouche, Donaldsonville, for Insured Lloyds, defendant-appellee.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
CHEHARDY, Judge.
Curtis Raymond, plaintiff in this personal injury suit, appeals from a summary judgment dismissing defendant Insured Lloyds from the proceedings. We reverse for the reasons set forth below.
Raymond had filed suit against various defendants, including Insured Lloyds (hereinafter called Lloyds), for an accident occurring on December 1, 1979. He alleged Lloyds was his uninsured motorist (U/M) insurance carrier. Alternatively, if Lloyds declared that U/M coverage had been rejected by Raymond, he alleged Lloyds and Gros Insurance Agency were liable to him for "refusing to offer him U/M coverage as required by law and in misrepresenting to him the circumstances under which he was entitled to obtain U/M coverage and the value thereof * * *."
Lloyds moved for summary judgment on the ground that it did not provide him with U/M coverage on the date of the accident because Raymond had rejected such coverage in writing. Raymond opposed the motion, contending in his opposition memorandum that the signature on the rejection of U/M insurance is not his signature. The trial judge granted summary judgment in favor of Lloyds.
In support of the motion, Lloyds had produced a copy of Curtis Raymond's application for automobile insurance, showing the signed rejection of U/M coverage. Lloyds also attached the affidavit of Eldon C. Curtis, underwriting supervisor for Insured Lloyds, who stated that "Gros Insurance Agency is not a contractual agent of Insured Lloyds and as concerns Insured Lloyds is an independent agent for the various insureds"; that Insured Lloyds has never held itself out as being the principal for Gros Insurance Agency as its agent; that Insured Lloyds received from its general agent, Patterson Insurance Agency, an application for insurance produced by Gros Insurance Agency on behalf of Curtis Raymond; *536 that the application had been signed by Curtis Raymond or by someone on his behalf specifically rejecting U/M coverage; and that Insured Lloyds, having received the application from other than an agent, was bound only by the contents of the application and the limitations thereof.
On appeal, Lloyds admits there is a question of fact as to who rejected the U/M coverage, but asserts this factual issue is not material to Lloyds' liability. Lloyds contends the only factual question material to its liability is whether Lloyds received a signed rejection of U/M coverage. Since the documents filed in support of the motion establish Lloyds did receive such a written rejection, Lloyds contends summary judgment was properly granted.
A written insurance contract can be reformed to conform to the original intention of the parties thereto, whether for mutual error or for the negligent, mistaken or fraudulent conduct of the agent who issues the policy. If an insurance agent knows of a policyholder's true intention as to the coverage desired, the insurance company is bound by the agent's knowledge, and a policy erroneously issued will be reformed so as to conform to the original intention. Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir.1973). An insurer is bound by its agent's actions in completing a policy application. Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974).
Insurance agents are persons employed by the insurance company to solicit risks and effect insurance. Insurance brokers solicit insurance from the public under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself. The general distinction between them is that, in the absence of special circumstances, the broker is the agent of the insured in procuring the policy of insurance and does not represent the insurer. Foster v. Nunmaker Discount Company, 201 So.2d 215 (La.App. 4th Cir. 1967). The acts of one procuring insurance as agent of the insurer are imputable to the insurer while those of one acting as agent of the insured, or as a broker, are not. Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La.App. 3d Cir.1972), affirmed on other grounds, 281 So.2d 728 (La.1973).
Where an insurance agent acting under the scope of his authority fills out an application for insurance, his acts, representations, and mistakes are those of the insurance company so that if the agent by reason of fraud, mistake, negligence, or omission inserts erroneous or untrue answers to questions contained in the application, the representations bind the insurer but not the insured, provided the insured is justifiably ignorant thereof, has been guilty of no bad faith, and has no actual or implied knowledge thereof. Harris v. Guaranty Income Life Insurance Company, 75 So.2d 227 (La. 1954).
Statutes pertaining to the licensing of insurance agents, brokers and solicitors do not prohibit a finding that the legal relationship of principal and agent exists, so as to bind the insurer, despite the failure of the person acting for the insurer to have been specifically licensed as its agent. Whether an insurance broker in any particular transaction acts as agent of the insured or of the insurer is a question of fact dependent on the particular circumstances of the case. Tiner v. Aetna Life Insurance Company, supra.
In view of these statements of law, it is apparent there remains an unanswered question of fact crucial to the liability of Lloyds: whether Gros Insurance Agency acted as an agent for Lloyds in this transaction. If Gros was Lloyds' agent then any liability of Gros arising from its fraud, negligence, mistake or omission would also be imputable to Lloyds.
The affidavit of Eldon Curtis states that Gros Insurance Agency was an "independent agent for the various insureds" and that Lloyds is bound only by the contents of the application because it received the application from "other than an agent." These, however, are mere conclusory allegations, *537 not sufficiently borne out by the uncontested statements of fact otherwise appearing in the affidavit or elsewhere in the record. There are many circumstances, other than a contractual arrangement or licensing in accordance with statute, under which a principal-agent relationship between Lloyds and Gros might or might not be deemed to have arisen. See, for example, Britten v. Payne, 381 So.2d 855 (La. App. 1st Cir.1980), writ denied 384 So.2d 800; United Credit Plan of Jena, Inc. v. Hailey, 341 So.2d 58 (La.App. 3d Cir.1976); Tiner v. Aetna Life Insurance Company, supra; Karam v. St. Paul Fire & Marine Insurance Co., supra.
Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.