YELVERTON, Judge..
Laura Romero, injured in an automobile accident, sued several defendants including Champion Insurance Company, alleging that this defendant was her uninsured/underinsured motorist insurer. Champion resisted the suit denying coverage. The trial judge concluded that there was coverage by virtue of a binder issued by an authorized agent of Champion and in effect on the day of the accident. Finding the tortfeasor was underinsured, the trial judge awarded judgment in Laura Romero’s favor against Champion for the amount of its coverage, $10,000. Champion appealed. We affirm.
Champion does not contest the amount of the award. The sole issue on appeal is whether the trial court was correct in finding that Romero had coverage with Champion which was in effect on May 8, 1984, the date of the accident.
Laura Romero had a policy of automobile insurance from Champion which was to expire on April 13,1984. She testified that she got her insurance from Roy Devine, who worked for Insurance Services of Louisiana, Inc., an insurance broker. Romero further testified that she was advised by Devine that her policy was about to expire. She testified that Devine told her he would put a binder on her coverage and send her the bill, which he did.
The only written evidence of a binder consisted of a document, which was received in evidence, used by United Southern Underwriters for applications. United Southern Underwriters was the general agent for Champion in Louisiana. According to the testimony of Meredith Oufnac, an employee of United Southern Underwriters, United Southern had the authority to issue binder numbers. According to the testimony of Laura Romero, this is the document that she received after Devine told her he would put the binder on her coverage. Typed on the document was policy number C2-17-18754 (the old policy and the new policy bore the same number) and, under the policy number was typed “Binder No. 501861”. The document showed a new policy period of 4-13-84 to 4-13-85, and that a policy would issue to Laura Romero covering the same Honda automobile as had the previous policy. This document was dated April 12, 1984, one day before the day the old policy was to expire, and it corroborates Laura Romero’s testimony that she and Devine talked on that date and that he promised he would obtain a binder. Romero received a bill for the renewed coverage from Devine, and she paid that bill.
Champion alleges that there was a lapse in coverage because the policy was not renewed until after the accident. Meredith Oufnac testified that United Southern Underwriters was the only agent for Champion in Louisiana and that it had the exclusive right to issue binders. Oufnac stated that she checked her company’s records and found only two insurance policies in the name of Laura Romero. One expired on April 13, 1984, and covered the Honda car that was totalled in the May 8, 1984, accident. The other policy’s coverage began on May 25, 1984, and covered a car plaintiff purchased after the accident. Oufnac could find no other policies that had been written for Laura Romero.
Ms. Oufnac testified that Insurance Services of Louisiana, Inc., was a broker for United Southern Underwriters. She testified that a purchaser of a Champion policy was unable to get insurance directly from her company, United Southern Underwriters, but had to go through a broker such as Insurance Services of Louisiana. She was aware that Roy Devine was an employee of Insurance Services along about the time of this case. At the time of the trial Roy Devine was no longer employed by Insurance Services and did not testify.
Ms. Oufnac testified that there was no record in her office of a binder having been issued to Laura Romero. However, she admitted that her record check was limited to a search under the name of Laura Romero. There was apparently no search with regard to the binder number 501861. She said that Devine did not have the authority to bind a policy. This authority, according to Ms. Oufnac, was reserved to herself and three other persons employed by United *281 Southern Underwriters. She was unable to explain where the binder number that appeared on the document came from.
The trial judge believed that part of the problem resulted from the fact that Romero’s Honda automobile was totaled in the wreck and that she had to get another car. The new policy that was issued described the replacement vehicle. Also, it was necessary that a new bill be sent for that coverage.
The trial judge concluded that there was insurance on the date of the accident because of the binder.
Champion argues that the manifest error standard should not apply because the appellate court is in as good a position to evaluate the documentary evidence as the trial court, citing Goins v. Texas State Optical, Inc., 463 So.2d 743 (La.App. 4th Cir.1985). Since the time that appellant’s brief was filed, the Louisiana Supreme Court decided Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987), holding that the manifest error standard of appellate review should be applied even when the evidence before the trier of fact consists solely of written reports, records and depositions. Accordingly, even if we were of a mind to disagree with the trial judge in his interpretation of the documentary evidence, we must apply the manifest error standard and refrain from disturbing the district court judgment absent a finding that it is clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We agree with the trial court. Based upon the testimony of the witnesses and the exhibits, the trial court was entirely justified in concluding that a binder had been issued and that Laura Romero was insured by Champion at the time of the accident. La.R.S. 22:1162 presently defines an “insurance broker” to provide that the broker is deemed for all purposes to be the representative of the insured (Act 352 of 1988). Prior to the 1988 amendment, however, whether a broker in any particular transaction acted as the agent of the insured or of the insurer, was a question of fact dependent on the particular circumstances of the case. Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974). We will decide the present case in accordance with the law in effect in 1984. A broker who procures insurance which is accepted and issued by an insurance company pursuant to application forms furnished to the broker by the company is considered the agent of such company in the issuance of the policy. Id. In the present case the trial court found as a fact that Devine, although a broker, was acting by authority of United Southern Underwriters, the general agent for Champion, when he obtained a binder from Southern Underwriters on the day before Romero’s policy was to lapse. The binder number was mailed on the same day to Laura on a form supplied to Devine by Southern Underwriters. The facts above establish that Insurance Services of Louisiana, through Roy Devine, was acting as an agent of Champion. An agent authorized to issue policies and other such actions on behalf of a company binds that company by all the waivers, representations or other acts within the scope of his business. Richard v. Am. Federation of Unions, Etc., 378 So.2d 564 (La.App.3rd Cir.1979).
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.