SAVOIE, Judge.
This is a suit for subrogation. Third party plaintiff, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), filed suit against third party defendants, Bradley L. Moore and Presidential Fire and Casualty Company (Presidential). A default judgment was taken against Bradley Moore and after a trial on the merits, the trial court dismissed the third party demand against Presidential. Farm Bureau has appealed the trial court’s ruling dismissing Presidential.
This action arose as a result of an automobile accident in which a vehicle owned and operated by Bradley Moore struck a vehicle operated by Ms. Bobbie T. Wiltz. The accident caused injuries to Ms. Wiltz. Ms. Wiltz’s uninsured motorist carrier, Farm Bureau, entered into a settlement agreement with her and her husband, Allen Wiltz, for $100,000.00. The Wiltzes, in the agreement, assigned their rights against Bradley Moore and Presidential to Farm Bureau.
As stated earlier, a default judgment was taken by Farm Bureau against Bradley Moore and confirmed. Bradley Moore has not appealed. JThe claim against Presidential proceeded to trial. The only issue before the trial court was whether the Presidential policy issued to Bradley Moore was effective on the date of the accident, July 15, 1985.[1]
The trial court found that on July 10, 1985, Mr. Moore’s father contacted Mr. Ro-bichaux, owner of the Bayou Blue Insurance Agency and broker of Presidential, concerning auto liability insurance for his son. Mr. Robichaux prepared a binder for Bradley Moore purporting to be effective as of that day, July 10, 1985. However, Bradley Moore did not actually complete a Presidential application until July 12, 1985. This application stated the proposed effective date of coverage to be July 12, 1985. The policy was subsequently issued with a stated effective date of July 19, 1985, which was four days after the collision. The application, with the proposed effective date of July 12, 1985, was attached to the policy, with the effective date of July 19, 1985.
The trial court held that Mr. Robichaux had no actual or apparent authority to bind Presidential and therefore Bradley Moore did not become an insured of Presidential until July 19, 1985. As this date was subsequent to the date of the accident in question, the trial court held Presidential was not responsible for any losses resulting from the accident.
Farm Bureau has asserted one assignment of error which we elect to treat as two issues. Farm Bureau argues the trial court erred in holding the Presidential policy issued to Bradley Moore did not have an effective date of July 12, 1985. The two issues forming the single assignment of error are: 1) Did Mr. Robichaux have authority, actual or apparent, to bind automobile liability coverage to Bradley Moore, with Presidential, effective July 12, 1985? 2) If so, did the actions of Mr. Robichaux and Presidential mandate under Louisiana law, the finding that Bradley Moore’s coverage was effective July 12, 1985?
In disposing of the first issue, we rely heavily on Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974).[2] In that case, the supreme court held that an insurance broker who accepted an applica *685 tion for a health an accident policy on behalf of Aetna, was acting as an agent of Aetna. The court then held that an alleged material misrepresentation in the application was within the knowledge of, and, in fact, had occurred because of an act of the broker/agent. Therefore, the knowledge and acts which may have constituted the misrepresentation were imputed to Aetna, through their broker/agent and Aetna could not therefore nullify the policy.
Tiner held that whether a broker, in any particular transaction, acts as the agent of the insured, is a question of fact dependent on the particular circumstances of the case. Tiner, 291 So.2d at 778. The facts in Tiner are very similar to the facts in the instant case. In both, the potential insureds contacted the brokers specifying no particular company from which they would like to procure insurance. The brokers then completed the particular companies’ applications pursuant to information furnished to them by the insureds. They accepted payments from the insureds and sent the completed forms and payments to the insurance company and general agent, respectively.[3]
“A broker who procures insurance which is accepted and issued by an insurance company pursuant to application forms furnished to the broker by the company is considered the agent of such company in the issuance of the policy.” Tiner, 291 So.2d at 777. We find for the above reasons that the trial court was manifestly erroneous in concluding that Mr. Robichaux did not have the authority necessary, in the instant case, to bind Presidential on July 12, 1985. We do not distinguish Tiner on the mere fact that there the broker/agent may have misstated the answer to a medical question on the application and here the broker/agent may have misstated the effective date of the policy on the application.
As to the second issue, we note that pursuant to Presidential underwriting guidelines, the application becomes part of the policy. The written guidelines state “the application becomes part of the policy and the company relies upon statements in the application.” The application has a proposed effective date, on its face, of July 12, 1985. The policy states, on its face, an effective date of July 19, 1985. An ambiguity exists due to the fact that Mr. Robichaux did not follow the guidelines to properly effectuate the contract on July 12, 1985. However, his actions, as decided above, are imputed to Presidential in this instance. A policy of insurance (which includes the application in this case) is to be read broadly in favor of coverage and ambiguities are to be construed against the insurer. Insurance Co. of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979). In this case then, we must find that the policy of insurance became effective on July 12, 1985. Therefore, the accident in question occurred after the effective date of the contract.
For these reasons, we reverse the trial court and grant judgment in favor of Louisiana Farm Bureau Casualty Company and against Presidential Fire and Casualty Company in the full and true sum of $10,-000.00, representing the limit of coverage afforded to Bradley Moore, along with costs of the proceedings below and costs of appeal. Interest is also awarded as provided by law.
REVERSED AND RENDERED.

. Bradley Moore's liability was stipulated on appeal, the parties have stipulated that the Wiltzs’ damages exceeded the Moore policy limit of $10,000.00.

. LSA-R.S. 22:1162 presently provides that an "insurance broker" is deemed for all purposes to be the representative of the insured (Act 352 of 1988). Prior to the 1988 Amendment, the law as stated in Tiner was in effect and will be applied to this case. See Romero v. Pough, 532 So.2d 279 (La.App. 3d Cir.), writ denied, 533 So.2d 381 (La.1988).

. Mr. Robichaux forwarded the application and payment to Presidential’s general agent in Louisiana, A & R Underwriters.