563 So.2d 1289 (1990)
Luther HOWELL, Plaintiff-Appellee,
v.
BLUE CROSS OF LOUISIANA, Defendant-Appellant.
No. 89-99.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1290 Sturgeon & Boyd, Lauri Boyd, Ferriday, for defendant-appellant.
Sooter & Foote, Victor H. Sooter, Alexandria, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
This is a suit for medical expenses due under a medical insurance policy written by *1291 Blue Cross of Louisiana (Blue Cross). The trial court rendered judgment in favor of plaintiff, Eleanor Howell, individually and as executrix of the estate of Luther M. Howell, Jr.,[1] and against Blue Cross in the sum of $17,921.39, with legal interest thereon, penalties in the sum of $17,921.39, and attorney's fees of $5,000. Blue Cross has appealed the trial court's judgment. We affirm.

FACTS
On November 2, 1979, Luther and Eleanor Howell applied for medical insurance with Blue Cross. The applications were taken by Blue Cross agent Jack Watson. According to Mrs. Howell, Watson filled in the applications while obtaining the pertinent information from the Howells. One of the questions in the medical history portion of the application dealt with whether or not the applicant had ever suffered from "asthma, sinus trouble, bronchitis or tuberculosis." According to Mrs. Howell, her husband responded to this question by advising Watson that he suffered from asthma. Watson advised Howell that this would present no problem and accordingly, he checked "No" in response to the aforesaid question.
Subsequent thereto, a medical insurance policy was issued to Luther Howell with an effective date of November 15, 1979. Thereafter, in October of 1980, Howell was seen by Dr. Tom McDonald, a family practitioner, complaining of shortness of breath and wheezing in the chest. Dr. McDonald hospitalized Howell that same day and subsequent tests revealed strong evidence of lung cancer. Upon being discharged from Concordia Parish Hospital, Howell was treated at M.D. Anderson Hospital and the tentative diagnosis of lung cancer was confirmed. During the ensuing months, Howell incurred numerous medical expenses relating to the treatment of his lung cancer, including chemotherapy treatments and radiation therapy. He was also treated during this period for other physical ailments, including diabetes and bronchitis.
By letter dated February 11, 1981, Blue Cross advised Howell that there was evidence that "medical information" had not been disclosed on his application for insurance and that, effective March 15, 1981, Blue Cross was amending its policy to exclude coverage for "any disease of respiratory system; treatment for and complications therefrom." Howell responded in writing, advising that he did not approve of the rider and asking for further explanation of Blue Cross's decision to rider his policy. Subsequent thereto, Howell retained counsel and, by letter dated May 8, 1981, Howell's attorney advised Blue Cross that he had, in fact, advised the Blue Cross agent of his asthmatic condition and that accordingly Howell expected coverage to continue as originally provided by the policy. On May 22, 1981, Blue Cross advised Howell that since the rider was unacceptable to him, Blue Cross had no alternative but to cancel the policy, effective July 15, 1981.
Subsequent to the cancellation date of the policy, Howell continued to incur medical expenses, primarily for treatment of his lung cancer. Howell died of cancer on April 6, 1983.
On appeal, Blue Cross asserts three assignments of error, to-wit:
(1) The trial court committed error in finding that Blue Cross had not met its burden of proof under R.S. 22:619.
(2) The trial court committed error in awarding contractual damages for claims not submitted to Blue Cross for payment.
(3) The trial court committed error in awarding penalties and attorney's fees under R.S. 22:657.

ASSIGNMENT OF ERROR NO. 1
In its first assignment of error, Blue Cross maintains that the trial court *1292 erred in finding that Blue Cross did not meet its burden of proof under R.S. 22:619. R.S. 22:619 provides as follows:
"§ 619.
A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
Amended by Acts 1985, No. 506, § 1."
The jurisprudence has consistently held that in order to defeat recovery, the insurer must prove that the misrepresentation was made with intent to deceive and that it materially affected the risk assumed by the insurer. Jamshidi v. Shelter Mut. Ins. Co., 471 So.2d 1141 (La.App. 3 Cir.1985). In the instant case, Blue Cross contends that Howell failed to advise the Blue Cross agent of his asthmatic condition and further stated that he had not seen a physician in the past five years when, in fact, he had done so. At trial, Eleanor Howell testified that her husband, who was deceased at the time of trial, advised the Blue Cross agent, Mr. Watson, of the existence of his asthmatic condition and Watson stated that it was "all right." Mrs. Howell also stated that her husband advised Watson that he had not been seen by any physician during the last five years for treatment of any other condition not listed in the application. As for Watson, he testified that he had no specific recollection of what was said by himself or the Howells on the date he took the application.
The trial court found Mrs. Howell's testimony to be truthful and accordingly, determined that Howell had, in fact, advised Watson of his asthmatic condition. Upon reviewing the evidence of record, we see no manifest error in the trial court's finding in this regard. As for Howell's statement that he had not seen any physician in the last five years for treatment of any other illness, even if this statement were in fact false, we do not deem this to be material in nature, particularly in light of the fact that Howell did advise the Blue Cross agent of his asthmatic condition. Furthermore, there is no evidence that Howell's statement was, in fact, false. True, he did state in a subsequent letter to Blue Cross that he had only been seen by three physicians in the past five years. However, if these visits were related to the treatment of his asthmatic condition, then the answer to the subject question would be true as the question is directed to whether or not the applicant has been treated by a physician in the last five years for a condition other than those specified in the application. Considering this, Blue Cross has clearly failed in its burden of proof under R.S. 22:619 and hence, Blue Cross's first assignment of error is without merit.[2]

ASSIGNMENT OF ERROR NO. 2
In its second assignment of error, Blue Cross maintains that the trial court erred in awarding judgment for those medical expenses which were not submitted to Blue Cross for payment. It was stipulated at trial that of those medical expenses submitted by Howell, Blue Cross's liability under its policy, assuming coverage to be in effect, would be $10,819.52. Blue Cross maintains that the remaining medical bills *1293 sued upon were not submitted to Blue Cross by Howell. However, after reviewing these additional medical bills in advance of trial, Blue Cross stipulated that if coverage was in effect under its policy, Blue Cross would owe an additional $7,101.87 in connection with such additional bills.
Recently, in Deville v. The Life Ins. Co. of Virginia, 560 So.2d 690 (La.App. 3 Cir. 1990), we held that an insured cannot recover under a medical insurance policy for medical expenses not properly submitted to the insurer and, under such circumstances, the insured's claim is to be dismissed, albeit without prejudice. However, in the instant case, Blue Cross did receive all medical bills sued upon in advance of trial and did determine the extent of its liability under the terms of the policy in question, assuming coverage to be in effect. Considering this, it would be somewhat anomalous to dismiss this claim as to such additional medical expenses when Blue Cross has already admitted the extent of its liability for these expenses. We find that the trial court did not err in awarding plaintiff judgment for such additional medical expenses.

ASSIGNMENT OF ERROR NO. 3
Lastly, Blue Cross claims that the trial court erred in awarding penalties and attorney's fees under R.S. 22:657. Blue Cross argues that no demand, written notice, or proof of claim was sent to Blue Cross and therefore, penalties and attorney's fees under R.S. 22:657 should not have been awarded. We disagree. Our courts have adopted a liberal attitude with regard to the form of proof of claims under health insurance policies. Lemann v. Mutual Life Ins. Co. of N.Y., 523 So.2d 948 (La.App. 4 Cir.1988). In essence, the insured must provide the insurer with sufficient information to act on the claim. Lemann v. Mutual Life Ins. Co. of N.Y., supra. In the instant case, Blue Cross has stipulated that as to those medical bills received, Blue Cross would owe a total of $10,819.52 to the insured, assuming coverage to be in effect. Thus, it is clear that, as to these bills, Blue Cross has received sufficient information to act and, in fact, has determined the extent of its liability for such expenses. Under these circumstances, we have little difficulty in finding that Blue Cross has received proper notice and proof of claim in accordance with R.S. 22:657.
As to the remaining medical bills incurred, the record does not support a finding that Blue Cross received satisfactory notice and proof of claim. However, the record reflects that, effective March 15, 1981, Blue Cross ridered its policy to exclude coverage for "any disease of respiratory system; treatment for and complications therefrom," and thereafter cancelled the policy altogether as of July 15, 1981. It would therefore have been a vain and useless act for plaintiff to continue to submit medical bills to Blue Cross (a substantial portion of which were incurred in connection with Howell's cancer treatment) when Blue Cross had already cancelled the policy, clearly evidencing its refusal to pay such expenses. This was precisely the situation in Matherne v. Aetna Life and Cas. Ins. Co., 484 So.2d 740 (La.App. 1 Cir.1986), writ denied, 488 So.2d 691 (La.1986), in which case the insurer had advised the insured in writing of its refusal to pay medical expenses associated with the plaintiff's claim and therefore the insured was entitled to penalties and attorney's fees under R.S. 22:657 notwithstanding the fact that he had failed to forward the bills in question to the insurer. We therefore find, that, in the instant case, the failure of plaintiff to forward the remaining medical bills to Blue Cross does not prevent plaintiff from obtaining penalties and attorney's fees. As of July 15, 1981, Blue Cross had clearly expressed its intention to refuse payment of additional medical expenses by cancelling the policy and thus, it would have been an exercise in futility for plaintiff to continue to forward medical expenses to Blue Cross for payment.
Turning now to the question of whether or not Blue Cross had just and reasonable grounds for denying coverage, *1294 Dr. Philip Castro, Medical Director for Blue Cross, testified that Blue Cross's decision to rider the policy was based solely on the medical history obtained by Dr. Tom McDonald at the time of Howell's admission into Concordia Parish Hospital in October of 1980. According to Dr. McDonald's records, Howell advised him at that time that he had "been followed by several physicians for asthma over the past several years." According to Dr. Castro, Blue Cross made no investigation into this matter, even after being advised by plaintiff's attorney by letter dated May 8, 1981, that Howell had, in fact, informed the Blue Cross agent of his asthmatic condition. In Bischoff v. Old Southern Life Ins. Co., 502 So.2d 181 (La.App. 3 Cir.1987), we were faced with a factual situation quite similar to the instant case. The Court in Bischoff found that inaccurate statements contained in the application were the result of the agent's falsely filling out the application and that the acts of the agent were imputable to the insurer. The Court further held that the insured was entitled to penalties and attorney's fees under R.S. 22:657, stating the following:
"The Cloud* case presented facts very similar to those presented here. In this case, Old Southern contests liability by relying on an exclusion in the policy concerning pre-existing conditions and on the fact that Mrs. Bischoff misrepresented her medical condition on her application. The record reveals no thorough investigation into the agent's actions in completing the application forms; therefore, as in Cloud, supra, the defendant was properly cast with penalties and attorney's fees."

Bischoff, at page 185.
* Cloud v. Security General Life Ins. Co., 352 So.2d 406 (La.App. 3 Cir.1977).
Similarly, in the instant case, Blue Cross conducted no investigation into its agent's actions, even after being advised by plaintiff's attorney that plaintiff was taking the position that he had advised the agent of his asthmatic condition. In view of this, we find that Blue Cross did not have just and reasonable grounds to refuse payment of the medical bills in question and accordingly, we find that the trial court did not err in awarding penalties and attorney's fees under R.S. 22:657.
Considering the above, the judgment of the trial court is affirmed, and all costs of this appeal are assessed to defendant-appellant, Blue Cross of Louisiana[3].
AFFIRMED.
NOTES
[1] Luther Howell died prior to trial and Mrs. Howell was substituted as plaintiff in these proceedings.
[2] We also note that any attempts by Blue Cross to cancel or rider its policy are without prejudice to any claim incurred prior thereto. R.S. 22:213(B)(7).
[3] Although the caption of this suit is "Luther Howell v. Blue Cross of Louisiana, "the judgment in these proceedings is rendered against Louisiana Health Service and Indemnity Company.