649 So.2d 1050 (1994)
Brian Paul TASSIN
v.
GOLDEN RULE INSURANCE COMPANY.
No. 94 CA 0362.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Rehearing Denied February 2, 1995.
*1051 Keith D. Jones, Baton Rouge, for plaintiff-appellee, Brian Paul Tassin.
Raymond C. Jackson, III, Lafayette, for defendant-appellant Golden Rule Ins. Co.
Jeffrey S. Wittenbrink, Baton Rouge, for Third Party defendant Phillip Atteberry.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in favor of the plaintiff in an action against an insurer for health insurance benefits.

FACTS
In 1977, plaintiff, Brian Tassin, was diagnosed with diabetes insipidus, a pituitary gland disorder characterized by excessive thirst and excretion of large quantities of diluted but otherwise normal urine. The condition required that plaintiff take medication (desmopressin acetate (DDAVP)) twice daily. Tassin was employed by Home Oil Company, Inc. (Home Oil), who obtained health insurance for its employees through Blue Cross of Louisiana (Blue Cross). In applying for such coverage, Tassin did not disclose that he had diabetes insipidus, and once he was covered by Blue Cross, he never submitted any bills to Blue Cross for the DDAVP or for treatment of diabetes insipidus.
In 1989, Blue Cross insurance rates increased, causing Home Oil to seek a new health insurer for its employees. Philip J. Atteberry, an insurance "broker" who had served the insurance needs for Home Oil for *1052 nearly ten years, assisted Home Oil in its search for new coverage.
In October of 1989, Atteberry sought to obtain health insurance for Home Oil with National Insurance Services, Inc. (NIS). Tassin discussed with Atteberry that he wished to get coverage through NIS for the DDAVP. Atteberry assisted Tassin in completing the insurance application. Tassin disclosed on the application that he had been treated for diabetes insipidus for the last twelve years and that he had been taking DDAVP twice daily for that entire time period. The application was submitted, and on October 25, 1989, NIS informed Atteberry that it would not insure the group with Tassin as a member. Atteberry related the information to Tassin, who then signed a waiver of coverage form. NIS subsequently insured the group of employees, excluding Tassin.
Atteberry then attempted to obtain coverage for Tassin with Golden Rule Insurance Company (Golden Rule). Atteberry informed Tassin that there was a good possibility that Golden Rule would not insure him if he disclosed that he suffered from diabetes insipidus. While filling out the insurance application on November 3, 1989, Tassin and Atteberry orally agreed that Tassin would not disclose that he had been diagnosed with diabetes insipidus and that he would not submit claims for any treatment related to the condition.
Plaintiff answered in the negative the following two questions on the insurance application:
15. Has any person named in # 1, within the last 10 years, had any indication, diagnosis, or treatment of:
* * * * * *
f. diabetes, sugar in the urine, or disorder of the thyroid, breast or other glands?
* * * * * *
17. Is any person named in # 1 currently:
a. taking medication or receiving medical treatment of any kind?
The application was submitted to Golden Rule, and Golden Rule subsequently issued a policy of health insurance to Tassin. The policy became effective for injuries on November 7, 1989, and for illnesses on November 21, 1989. Plaintiff subsequently submitted claims to Golden Rule for matters unrelated to the diabetes insipidus, and Golden Rule paid the claims.
Beginning on April 24, 1991, Tassin was hospitalized and treated for acute appendicitis and eventually underwent an appendectomy, allegedly incurring medical expenses in the amount of $19,210.14. Tassin submitted the medical bills to Golden Rule for payment.
In May of 1991, Golden Rule discovered that the medical bills for treatment of the appendicitis and the appendectomy revealed a secondary diagnosis of diabetes insipidus. Golden Rule then obtained from various health care providers Tassin's medical records, which revealed that Tassin previously had been diagnosed with diabetes insipidus and that he was taking medication for the condition. The medical records were then submitted to Golden Rule's underwriting department, which issued an opinion stating that, had it been aware of the condition at the time of Tassin's application, it would not have provided coverage to Tassin.
On July 1, 1991, Golden Rule issued a letter to Tassin, indicating that the policy was being rescinded due to the misrepresentations made by Tassin in the application regarding the fact that he suffered from diabetes insipidus. Golden Rule denied payment of the claims submitted in connection with Tassin's treatment for appendicitis and resulting appendectomy. Golden Rule also requested that Tassin reimburse the company for its payment of previous claims submitted by Tassin, totalling $1,926.84.

PROCEDURAL BACKGROUND
On August 29, 1991, Tassin filed the instant action against Golden Rule for benefits under the policy, as well as penalties and attorney's fees. Tassin alleged that he had disclosed the diabetes insipidus to Golden Rule's agent, Atteberry, who instructed Tassin not to disclose the condition on the application. Tassin also alleged that he did not *1053 make misrepresentations on the application with the intent to deceive Golden Rule, that the misrepresentations did not have a material effect on the issuance of the policy, and that Golden Rule wrongfully canceled the policy.
On September 23, 1991, Golden Rule filed an answer to Tassin's petition and a reconventional demand against Tassin. In the reconventional demand, Golden Rule alleged its entitlement to reimbursement of $1,926.84 from Tassin for claims previously paid by Golden Rule.
On March 19, 1992, Golden Rule filed a third party demand against Atteberry, alleging that, if it is found to be liable to Tassin in the main demand, it is entitled to full indemnity, or alternatively contribution, from Atteberry. Golden Rule alleged that Atteberry breached his broker's agreement with Golden Rule by knowingly submitting an application containing false information with regard to Tassin's medical history.
On April 16, 1992, the trial court rendered judgment on a motion for partial summary judgment which previously had been filed by Tassin. The court granted the motion as to Golden Rule's liability for health insurance benefits, ordering Golden Rule to pay Tassin $18,962.18, plus interest and costs. However, the court denied the motion with regard to penalties and attorney's fees against Golden Rule.
On April 22, 1992, Golden Rule filed a motion for new trial for reargument only, contending that the April 16, 1992, judgment was contrary to the law and evidence. On July 30, 1992, the trial court granted the motion and submitted an order vacating the judgment of April 16, 1992.
On February 4, 1993, a trial was held. On May 3, 1993, the trial court rendered judgment in favor of Tassin in the main demand and in favor of Golden Rule in the third party demand. The judgment ordered that Golden Rule pay Tassin medical benefits in the amount of $18,962.18, plus interest, and $21,250.00 in attorney's fees, plus interest. As to Golden Rule's third party demand against Atteberry, the court ordered that Atteberry pay Golden Rule the sum of $12,462.50 as attorney's fees, plus interest. Golden Rule's claim for indemnification was otherwise denied. Each party was ordered to pay its own costs.
In her oral reasons for judgment, the trial court indicated that, in reaching her decision, she made several specific factual findings:
[I]n fact the court does find that on the application for Golden Rule insurance there was no question asked as to whether or not the plaintiff suffered from diabetes insipidus, or diabetes mellitus, or any other categories of diabetes. The record further reflects that the application asked for treatment, diagnosis, and indication within the last ten years. The testimony is unequivocal that Mr. Tassin was diagnosed some 14 to 15 years previous to the application, and had not been treated, although uncouched ever wise that may be, not treated during that whole term for the malady.... The court finds that as a matter of fact that Mr. Tassin, in applying the ordinary demand standards, Mr. Tassin believed that Mr. Atteberry was his agent, the agent of Golden Rule. He relied on him for information, advice about his insurance needs, and that reliance has obviously now led to the detriment, but there had been precedent before that insofar as the claims that were submitted on Blue Cross, and again the claims that were submitted or not submitted on the application for NIS. So for all intense (sic) and purposes Mr. Tassin placed his belief that Mr. Atteberry was an agent of the insurance company on one well-founded reason.
On May 12, 1993, both Golden Rule and Atteberry filed motions for new trial for reargument only. On August 20, 1993, a hearing was held on the motions. The trial court granted the motions for new trial and took the matter under advisement.
On October 14, 1993, the trial court vacated the judgment of May 3, 1993, and rendered judgment in favor of Tassin and against Golden Rule for health insurance benefits totaling $18,962.18, as well as statutory penalties in the amount of $18,962.18 and attorney's fees in the amount of $21,250.00. The judgment also denied Golden *1054 Rule's claim for indemnity and attorney's fees against Atteberry.
On November 2, 1993, Golden Rule appealed from the adverse judgment, assigning the following specifications of error:
1. The trial court was clearly wrong in awarding health insurance benefits to Tassin and in failing to find that Golden Rule validly rescinded or declared null and void ab initio the Golden Rule insurance policy on the grounds of misstatements of fact made in the application for insurance which were material to the acceptance of the risk and which were made with the intent to deceive.
2. The trial court was clearly wrong in finding that the plaintiff was entitled to recover statutory penalties and attorney's fees under R.S. 22:657.
3. The trial court erred in refusing to award indemnity and attorney's fees in favor of Golden Rule and against third party defendant, Atteberry, which amounts are now claimed by Golden Rule, along with additional attorney's fees incurred in connection with post-trial and appellate work.

AWARD OF HEALTH INSURANCE BENEFITS
Golden Rule contends that the trial court erred in awarding health insurance benefits to Tassin. However, Tassin argues that Atteberry acted as agent for Golden Rule and, as such, bound Golden Rule by entering into a contract with Tassin to provide limited health insurance coverage.
Insurance agents are persons employed by the insurance company to solicit risks and effect insurance. Insurance brokers solicit insurance from the public under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself. The general distinction between them is that, in the absence of special circumstances, the broker is the agent of the insured in procuring the policy of insurance and does not represent the insurer. Raymond v. Zeringue, 422 So.2d 534, 536 (La.App. 5th Cir.1982). The acts of one procuring insurance as agent of the insurer are imputable to the insurer while those of one acting as agent of the insured, or as a broker, are not. Raymond v. Zeringue, 422 So.2d at 536; Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821, 825 (La.App. 3rd Cir.1972), affirmed on other grounds, 281 So.2d 728 (La. 1973).
It is well settled that a court can find that the legal relationship of principal-agent exists, so as to bind the insurer, despite the failure of the person acting for the insurer to have been specifically licensed as its agent. Therefore, a broker may be found under the facts to have been an agent of the insurer for the purpose involved. Tiner v. Aetna Life Insurance Company, 291 So.2d 774, 777 (La. 1974).
A broker who procures insurance which is accepted and issued by an insurance company pursuant to application forms furnished to the broker by the company is considered the agent of such company in the issuance of the policy. Tiner v. Aetna Life Insurance Company, 291 So.2d at 777; Wiltz v. Louisiana Farm Bureau Casualty Insurance Co., 558 So.2d 683, 685 (La.App. 1st Cir.), writ denied, 559 So.2d 1386 (La.1990); Romero v. Pough, 532 So.2d 279, 281 (La. App. 3rd Cir.), writ denied, 533 So.2d 381 (La.1988).
Whether a broker in any particular transaction acts as the agent of the insurer or insured is a question of fact dependent on the particular circumstances of the case. Tiner v. Aetna Life Insurance Company, 291 So.2d at 778; Smason v. Celtic Life Insurance Company, 615 So.2d 1079, 1084 (La.App. 4th Cir.), writ denied, 618 So.2d 416 (La.1993); Gulf Coast Building Systems, Inc. v. United American Surety Company, Ltd., 614 So.2d 1360, 1364 (La.App. 3rd Cir.), writs denied, 617 So.2d 933, 934 (La.1993).
On review, an appellate court may not reverse a factual finding of the trial court unless it finds from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State, Department of Transportation *1055 and Development, 617 So.2d 880, 882 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d at 883.
In the instant case, the trial court made a factual determination that Atteberry acted as Golden Rule's agent in the issuance of the policy to Tassin. However, Golden Rule argues that Atteberry acted as a broker in the transaction.
Atteberry testified that, prior to taking Tassin's application for insurance with Golden Rule, he was acquainted with Tassin because he had previously taken insurance applications from Tassin, in connection with obtaining insurance for employees of Home Oil. Atteberry acknowledged that he was aware that Tassin had previously been denied coverage by NIS due to his history of diabetes insipidus.
Atteberry indicated that he was concerned about Tassin's application for insurance with Golden Rule because he had previously been denied coverage by NIS. According to Atteberry, he told Tassin that, if he included the information in the application, there was a good possibility that he would be denied coverage. Tassin informed Atteberry that he did not wish to obtain coverage for anything related to the diabetes insipidus. Therefore, Atteberry suggested that Tassin omit the information from the application, and Tassin agreed not to submit claims for anything related to the diabetes insipidus.
Atteberry testified that he was not an agent of Golden Rule, but that he has a broker's contract with Golden Rule. However, Atteberry acknowledged that, for the years of 1989, 1990, 1991, and 1992, Golden Rule listed Atteberry as an agent with the Commissioner of Insurance for the State of Louisiana. According to Atteberry, Golden Rule paid the licensing fees for him to be listed as its agent.
Atteberry indicated that he is required to use a form provided to him by Golden Rule when submitting an application for insurance with Golden Rule. Atteberry stated that he was Tassin's only contact with Golden Rule and that any questions which Tassin may have had would have been directed to him. Atteberry acknowledged that he was not authorized to make agreements such as the one he made with Tassin and that the agreement was in violation of his broker's contract.
Tassin testified that, in applying for insurance with Golden Rule, he was concerned that he would be denied coverage due to the diabetes insipidus. According to Tassin, he related his concerns to Atteberry, who then suggested that, because Tassin had not experienced any problems with the condition since the time he had been diagnosed, Tassin not disclose the condition on the application. Tassin stated that he agreed not to submit claims for anything related to the diabetes insipidus.
In applying for insurance with Golden Rule, Tassin believed that Atteberry was the agent of Golden Rule. The application bore Golden Rule's insignia, and Tassin did not pay Atteberry for his services. Moreover, Atteberry never told Tassin that he was working for him, rather than the insurance company. According to Tassin, when filling out the application, all he had to rely on were the statements made by Atteberry.
When asked whether he intended to deceive Golden Rule by not indicating on the application that he suffered from diabetes insipidus and took medication for the condition, Tassin stated that he did not intend to deceive Golden Rule because he informed Atteberry of the condition and of the fact that he took medication for such condition. Tassin stated: "As far as I'm concerned, Phil [Atteberry] was Golden Rule and he knew *1056 everything." Tassin indicated that Atteberry was attempting to obtain coverage for him only for problems unrelated to diabetes insipidus. According to Tassin, Atteberry warned him that, if he made claims for any condition related to diabetes insipidus, the claims would not be covered.
After thoroughly reviewing the entire record in this matter, we are convinced that there is a reasonable basis in the record for the trial court's finding that Atteberry acted as Golden Rule's agent in issuance of the policy to Tassin. The record reveals that Tassin relied on Atteberry's purported authority and that Atteberry was Tassin's only contact with Golden Rule. Additional support for this finding is that, in submitting the application for insurance to Golden Rule, Atteberry was required to use an application form provided by Golden Rule. See Tiner v. Aetna Life Insurance Company, 291 So.2d at 777; Wiltz v. Louisiana Farm Bureau Casualty Insurance Co., 558 So.2d at 685; Romero v. Pough, 532 So.2d at 281. Because the acts of one procuring insurance as agent of the insurer are imputable to the insurer, Golden Rule is liable to Tassin for health insurance benefits arising from Tassin's treatment for acute appendicitis. The trial court was not manifestly erroneous in this finding.
Golden Rule contends that, even if Atteberry is an agent of Golden Rule, Tassin's bad faith prohibits his recovery. In making its argument, Golden Rule relies on the following:
Where an insurance agent acting under the scope of his authority fills out an application for insurance, his acts, representations, and mistakes are those of the insurance company so that if the agent by reason of fraud, mistake, negligence, or omission inserts erroneous or untrue answers to questions contained in the application, the representations bind the insurer but not the insured, provided the insured is justifiably ignorant thereof, has been guilty of no bad faith, and has no actual or implied knowledge thereof. Harris v. Guaranty Income Life Insurance Company, 226 La. 152, 75 So.2d 227, 229 (La.1954).
We have reviewed the record in its entirety and conclude that Tassin was not in bad faith as contemplated in the jurisprudence cited above. Tassin did not believe that he made misrepresentations to Golden Rule. He informed Atteberry of his medical condition and merely sought to obtain coverage for conditions other than diabetes insipidus and believed that if he did not submit any claims for the condition, there would be no problem with the limited coverage. Also, Tassin believed that Atteberry had the authority to make such an agreement.

PENALTIES AND ATTORNEY'S FEES
Golden Rule contends that the trial court was clearly wrong in finding that Tassin was entitled to recover penalties and attorney's fees.
LSA-R.S. 22:657 provides, in pertinent part, as follows:
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court.
Thus, failure to make payment within thirty days of written notice and proof of claim subjects the insurer to penalties and attorney's fees, unless just and reasonable grounds exist to deny coverage. Whether the insurer denied plaintiff's claims on just and reasonable grounds is a question of fact, and the trial court's findings, for purposes of *1057 determining whether penalties should be imposed, should not be disturbed unless they are clearly wrong. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584, 589 (La.App. 1st Cir.1984).
In the instant case, the trial court found that Golden Rule did not have just and reasonable grounds to deny coverage.
In a similar case, Bischoff v. Old Southern Life Insurance Company, 502 So.2d 181, 184-85 (La.App. 3rd Cir.1987), the court affirmed an award of penalties and attorney's fees against an insurer. Quoting Cloud v. Security General Life Insurance Company, 352 So.2d 406, 409 (La.App. 3rd Cir.1977), the court noted the following:
L.R.S. 22:657(A) permits the assessment of penalties and attorneys fees unless the insurer's refusal to pay the claim within 30 days is based on "just and reasonable grounds, such as would put a reasonable prudent businessman on guard, exist." The policy defense that there was misrepresentation this Court has held was without merit. The acts of their insurance agent in filling out the application form with incorrect data when the agent had been given the correct facts are the facts [sic] of his principal, the insurer. Other than relying on the application, the insurer made no effort to prove any misrepresentation by Mrs. Cloud.
The insurer failed to properly investigate and evaluate the legal and factual efficacy of its position and preferred to resist liability upon its technical and tenuous defense of misrepresentation. Such action on the insurer's part renders it liable for the statutory penalties. See Morein v. American Physicians Ins. Co., 192 So.2d 887 (La. App. 3rd Cir.1966).
In Howell v. Blue Cross of Louisiana, 563 So.2d 1289, 1294 (La.App. 3rd Cir.1990), the court discussed Cloud and Bischoff and stated as follows:
Similarly, in the instant case, Blue Cross conducted no investigation into its agent's actions, even after being advised by plaintiff's attorney that plaintiff was taking the position that he had advised the agent of his asthmatic condition. In view of this, we find that Blue Cross did not have just and reasonable grounds to refuse payment of the medical bills in question and accordingly, we find that the trial court did not err in awarding penalties and attorney's fees under R.S. 22:657.
In the instant case, Golden Rule contested liability based on the fact that Tassin misrepresented his medical condition in his application to Golden Rule. However, the record reveals that Golden Rule did not investigate its agent's actions in helping Tassin complete the application with the incorrect information and in reaching the agreement with Tassin. Golden Rule simply chose to deny payments based on Tassin's alleged misrepresentation. Therefore, as in Cloud, Bischoff, and Howell, we find that the trial court was not clearly wrong in finding that Golden Rule did not have just and reasonable grounds to deny coverage and in casting Golden Rule with penalties and attorney's fees.

INDEMNIFICATION AND ATTORNEY'S FEES
Golden Rule contends that the trial court erred in refusing to award it indemnification and attorney's fees against Atteberry. Golden Rule also requests additional attorney's fees for post-trial and appellate work.
LSA-C.C. art. 1906 defines a contract as an agreement by two or more parties whereby obligations are created, modified, or extinguished. Where the words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parole evidence. Sandbom v. BASF Wyandotte Corporation, 618 So.2d 1019, 1021-22 (La.App. 1st Cir.), writ denied, 625 So.2d 1042 (La.1993).
An indemnity agreement is a specialized form of contract. Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987). It is the terms of the indemnity agreement which govern the obligations of the parties. Meloy v. Conoco, Inc., 504 So.2d at 839; Sandbom v. BASF Wyandotte Corporation, 618 So.2d at 1022.
*1058 In the instant case, the broker's contract between Atteberry and Golden Rule contains an indemnity provision, which states as follows:
11. General Indemnification of the Company
You are responsible for the actions of your Sub-Brokers and persons in your employ. You agree to indemnify and hold the Company harmless from any loss, costs, liabilities, or damages which are incurred by the Company as a result of your acts or omissions or the acts or omissions of your employees or your Sub-Brokers, including the violation of any law, regulation, or provision of this contract.
Based on the express terms of the indemnity provision, Atteberry is liable to Golden Rule for the loss incurred as a result of Atteberry's acts and omissions (the insurance benefits Golden Rule was ordered to pay Tassin). Therefore, the trial court was clearly wrong in refusing to award Golden Rule indemnity against Atteberry as concerns Atteberry's acts and omissions. However, Atteberry is not liable to Golden Rule for penalties and attorney's fees because these items of damage resulted from Golden Rule's unreasonableness in failing to pay plaintiff's claim knowing that Atteberry was its agent.
Further, as concerns any additional attorney's fees incurred by Golden Rule in its third party demand for indemnity, or alternatively contribution, against Atteberry, attorney's fees are generally not recoverable unless provided by statute or contract. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245, 247 (La.1980); Woodmen of the World Life Insurance Society v. Hymel, 610 So.2d 195, 199 (La.App. 3rd Cir. 1992), writ denied, 612 So.2d 103 (La.1993); Evans v. Century Ready Mix Corporation, 446 So.2d 860, 862 (La.App. 2nd Cir.1984).
In the instant case, there is no applicable statutory provision for the award of attorney's fees, and Golden Rule's broker's contract with Atteberry does not contain a provision allowing for attorney's fees in the event it sustains a loss due to the acts or omissions of Atteberry. Therefore, we conclude that, although the trial court erred in denying Golden Rule indemnity against Atteberry, Golden Rule is not entitled to recover penalties or attorney's fees.

CONCLUSION
For the foregoing reasons, that part of the trial court judgment denying Golden Rule indemnity against Atteberry is reversed, and judgment is rendered in favor of Golden Rule and against Atteberry in the amount of $18,962.18, plus interest. In all other respects, the judgment of the trial court is affirmed. Costs of appeal are equally assessed against Golden Rule and Atteberry.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
SHORTESS, J., dissents in part and concurs in part with reason.
SHORTESS, Judge, concurring in part and dissenting in part.
I concur in the result which affirms the judgment against Golden Rule for medical expenses. This is a factual question, and we are bound by the trial court's finding absent manifest error. I also concur in the reversal of the trial court on the indemnity issue. This is a legal question on which the trial court clearly erred.
I dissent from the majority's opinion that Golden Rule did not have "just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard," to refuse to pay this claim within thirty days. This case is easily distinguishable from the three third circuit cases cited by the majority. In each of those cases, there was no question of agency, and there were no allegations of collusion between the insured and the agent.
In this case, Golden Rule did not rely upon only a "technical and tenuous defense." There was a factual dispute as to whether Atteberry was Golden Rule's agent or a broker who acted as plaintiff's agent. There were also grievous allegations of collusion between Atteberry and plaintiff. An insurer's liability for refusal to pay a health insurance claim within thirty days is not predicated upon its failure to correctly predict the *1059 factual findings of the trial court in the action it is defending, but whether it unreasonably withheld payment without grounds that would put a prudent businessman on his guard. The trial court was clearly wrong in finding Golden Rule did not have reasonable grounds to withhold payment.
I also have a problem with the majority's statement that "Tassin did not believe that he made misrepresentations to Golden Rule," particularly in light of Tassin's statement on the application that he was not taking medication of any kind when he obviously knew he was taking medication twice daily. Notwithstanding, I agree with the result.
I respectfully concur in part and dissent in part.